### SECURITIES AND EXCHANGE COMMISSION, et al., Appellees,

v.

### Paul A. BILZERIAN, Appellant.

Nos. 01–5008, 01–5242, 01–5264, 02–5033, 02–5060.

United States Court of Appeals, District of Columbia Circuit.

Sept. 22, 2003.

Katharine B. Gresham, Giovanni P. Prezioso, Meyer Eisenberg, Judith R. Starr, Counsel, Jacob H. Stillman, Solicitor, Hope Hall Augustini, Securities & Exchange Commission (SEC), Michael E. Geltner, Geltner & Associates, S. Robert Sutton, Janis, Schuelke & Wechsler, Deborah J. Israel, Piper Rudnick, Steven Douglas Gordon, Holland & Knight, Washington, DC; Gerald Michael Nelson, Nelson Bisconti & Thompson, Tampa, FL, for Appellees.

Paul A. Bilzerian, pro se.

Before GINSBURG, Chief Judge, and SENTELLE, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

## JUDGMENT

This cause was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. It is

ORDERED and ADJUDGED that the judgment of the district court be affirmed.

Appellant Paul A. Bilzerian asks this court to find that he has satisfied a disgorgement judgment as a matter of law, to reverse two civil contempt orders entered against him in connection with previous efforts to compel satisfaction of this judgment, to vacate a court order appointing a receiver, and to vacate an injunction barring him from commencing any proceeding in any court without the prior permission of the U.S. district court for the District of Columbia.

None of Bilzerian's arguments has merit. The only claim that raises any substantial legal issue is his contention that the July 5, 2001 injunction, which barred him from commencing court proceedings without prior permission of the district court, was invalid because the court entered the injunction without the notice and hearing required by Rule 65 of the Federal Rules of Civil Procedure. The receiver's main response is that Rule 65 does not apply to injunctions issued pursuant to the All Writs Act, 28 U.S.C. § 1651—a position Bilzerian asserts is inconsistent with our decision in *In re Powell,* 851 F.2d 427 (D.C.Cir.1988), and would violate the Due Process Clause of the Fifth Amendment. We need not resolve this legal question because, as the receiver points out, Bilzerian was given until July 12 to respond to the July 5 injunction, he did in fact respond through counsel, and his response raised no procedural or substantive objections at all.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.