FILED
United States Court of Appeals
Tenth Circuit

April 2, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CLEARONE COMMUNICATIONS,
INC., a Utah corporation,

        Plaintiff-Appellee,

v.

LONNY BOWERS,

        Defendant-Appellant,

and

ANDREW CHIANG; JUN YANG;
WIDEBAND SOLUTIONS, INC., a
Massachusetts corporation; VERSATILE
DSP, a Massachusetts corporation;
BIAMP SYSTEMS, an Oregon
corporation,

        Defendants.

No. 12-4179
(D.C. No. 2:07-CV-00037-TC-DN)
(D. Utah)

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BRISCOE**, Chief Judge, **HOLLOWAY**, Senior Circuit Judge, and **TYMKOVICH**, Circuit Judge.

---

This appeal is another installment in a long-running serial. *See, e.g., ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735 (10th Cir. 2011) (*Bowers I*); *ClearOne Commc'ns, Inc. v. Bowers*, Nos. 11-4163, 12-4004, 12-4037, 12-4062, 2013 WL 427076 (10th Cir. Feb. 5, 2013) (*Bowers II*). "[Y]ears ago ClearOne sued Lonny Bowers and others for misappropriating its trade secrets," and ever since ClearOne has been trying to enforce the judgment it won. *Bowers II*, 2013 WL at 427076, at *1. As relevant to this appeal, in ex parte proceedings in August 2010 the district court issued a temporary restraining order (TRO) authorizing ClearOne to seize Bowers's computers and to remove its protected information from them. The district court eventually dissolved the TRO, a decision that we recently affirmed. *See Bowers II*, 2013 WL 427076, at *2-*3, *6.

While the dissolution of the TRO was on appeal, Bowers filed a motion for access to certain sealed district-court documents, including docket numbers 2254 and 2255, which are designated as "Chambers Notes" about the ex parte proceedings underlying the TRO's issuance. He asserted that he had a constitutional right to access the documents and that they were necessary to support his arguments on appeal. The district court granted access to other documents, but it denied access to the "Chambers Notes," holding that they "are restricted to court users only and not available for use by the parties or the public." R. Vol. 1 at 463. Bowers then filed a

motion for reconsideration under Fed. R. Civ. P. 59(e), which the district court also denied.

Bowers appeals from the order denying his Rule 59(e) motion and "all other judgments, orders, opinions, and rulings pertinent or ancillary to the foregoing." R. Vol. 1 at 771. We liberally construe Bowers's pro se notice of appeal to encompass both the partial denial of the motion for access and the denial of the Rule 59(e) motion. *See Smith v. Barry*, 502 U.S. 244, 248 (1992) ("Courts will liberally construe the requirements of [Fed. R. App. P.] 3."); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (stating that the filings of pro se parties are held to a less stringent standard). Our review of both decisions is for abuse of discretion. *See Mann v. Boatwright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (decision to seal documents); *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1178 (10th Cir. 2011) (Rule 59(e) motion). "Accordingly, we will not disturb the district court's decision . . . unless we have a definite and firm conviction that it made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Mann*, 477 F.3d at 1149 (brackets and internal quotation marks omitted).

Bowers argues that docket nos. 2254 and 2255 are misclassified as "Chambers Notes," since they in fact document ex parte communications between the court and ClearOne. He argues that ClearOne has copies of the documents and that he has a constitutional right to access them as well. We disagree.

As Bowers asserts, it appears that docket nos. 2254 and 2255 are the court's copies of ex parte communications with ClearOne regarding the issuance of the August 2010 TRO. But even though ClearOne obviously has access to documents that it filed and its communications with the court, that does not mean that the district court is required to unseal docket nos. 2254 and 2255. In *Bowers II*, we stated, "[t]hough we generally regard court records sealed from public scrutiny with a healthy skepticism, this was a trade secrets case where public dissemination of certain information could have defeated the whole point of the suit." 2013 WL 427076, at *3. We further noted that "of course, a district court may hold ex parte proceedings when a party requests a TRO." *Id.* Although that discussion was directed toward Bowers' request for access to documents regarding ex parte proceedings in July 2009, the reasoning applies equally to the August 2010 proceedings. Further, to the extent that Bowers sought access to the documents to support his position in the then-pending *Bowers II* appeals, the request is moot; this court has decided those appeals, affirming the dissolution of the TRO in appeal no. 11-4163 and the denial of Bowers's Fed. R. Civ. P. 60(b) and recusal motions in appeal no. 12-4062. *See id.* at *2-*4, *6.

Finally, Bowers asserts that the district court erred in sealing certain docket entries until August 2011. We do not consider the argument for two reasons. First, as noted above, Bowers has already brought the issue of the sealed docket before this court. *See id.* at *2-*3. Second, even if this court had not already reviewed the issue,

- 4 -

it is waived because it was not raised in the motions that currently are under review, *see Quigley v. Rosenthal*, 327 F.3d 1044, 1069 (10th Cir. 2003) (arguments not raised in the district court "are waived for purposes of appeal").

Because the district court did not make a clear error of judgment or exceed the bounds of permissible choice in refusing to unseal district-court docket nos. 2254 and 2255, its denials of the motion for access and the motion for reconsideration are affirmed.

Entered for the Court


Mary Beck Briscoe
Chief Judge