**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 9, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CLEARONE, INC., formerly ClearOne
Communications, Inc., a Utah corporation,

     Plaintiff - Appellee,

v.

ANDREW CHIANG, an individual;
JUN YANG, an individual; WIDEBAND
SOLUTIONS, a Massachusetts
corporation; BIAMP SYSTEMS,
an Oregon corporation; LONNY
BOWERS, an individual; VERSATILE
DSP, a Massachusetts corporation,

     Defendants.

------------------------------

DONALD BOWERS,

     Interested Party - Appellant,

DialHD,

     Interested Party,

and

DAVID SULLIVAN,

     Intervenor.

Nos. 20-4105 & 20-4108
(D.C. No. 2:07-CV-00037-DN)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of

_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE** and **BACHARACH**, Circuit Judges.

_____

Donald Bowers appeals the district court's renewal of a judgment against him (No. 20-4105), and, through a separate notice of appeal, a district court order compelling him to produce postjudgment discovery (No. 20-4108). We consolidated these appeals for procedural purposes. We affirm the renewal of judgment and dismiss Bowers's challenge to the postjudgment discovery order for lack of jurisdiction.

## I.     APPEAL NO. 20-4108

The background required to understand No. 20-4108 sets the stage for No. 20-4105, so we will address No. 20-4108 first.

### A.     Background & Procedural History

#### 1.     Early Proceedings & Bowers's Contempt

Appellee ClearOne, Inc., is a Utah company in the business of tele- and videoconferencing technology. The origins of its dispute with Bowers reach back to the year 2000, when ClearOne purchased the assets of a Massachusetts company developing similar technology. Some of the Massachusetts company's principals and engineers went on to form a new company to compete with ClearOne using assets

---

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

they had sold to ClearOne, leading to a trade-secret lawsuit filed in Utah (and removed to Utah federal district court) in 2007. The case went to trial the next year and a jury found for ClearOne, awarding substantial damages. The district court then permanently enjoined the defendants from the infringing conduct. We affirmed in all respects. *See ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735 (10th Cir. 2011).

The "Bowers" named in ClearOne's original lawsuit was Lonny Bowers, son of the appellant here, Donald Bowers. ClearOne eventually discovered that Donald Bowers was helping some of the named defendants to continue profiting from ClearOne's trade secrets. After various orders to show cause and associated hearings, the district court expanded the permanent injunction to include Donald Bowers, found him (and other defendants) in contempt, ordered him to pay ClearOne's attorneys' fees incurred in pursuing contempt proceedings, required him to demonstrate that he had purged himself of the contempt by a date certain, and threatened incarceration as a punishment for failure to do so. When he did not timely demonstrate that he had purged the contempt, the district court issued a bench warrant for his arrest, leading to another appeal. We again affirmed in all respects. *See ClearOne Commc'ns, Inc. v. Bowers*, 651 F.3d 1200 (10th Cir. 2011).

Meanwhile, Bowers managed to avoid arrest for a few years on his civil contempt warrant because he lives in Georgia and the Federal Rules of Civil Procedure generally do not allow civil contempt orders in diversity-jurisdiction cases to be served outside of the state where issued. *See* Fed. R. Civ. P. 4.1(b). But the United States eventually brought a criminal contempt prosecution and arrested

3

Bowers on that charge in Georgia in 2013. He was convicted, served a prison sentence, served additional time under the civil contempt warrant, and was finally released in 2017 on condition that he submit to the District of Utah's civil contempt jurisdiction regardless of his residence. His release conditions further stated that he "shall provide information about his financial status and until the judgments are satisfied," "shall respond to any written discovery or sit for a deposition as to his financial condition at any time, and at ClearOne's discretion," and "shall not shield or hide his income from ClearOne, or create any entities to avoid ClearOne's collection efforts." R. at 430, ¶ 5. "Any violations of these listed conditions may result in further contempt proceedings and incarceration." R. at 431, ¶ 6.

### 2. Discovery Requests

The events leading to this most recent appeal began with an October 2019 letter from ClearOne to Bowers requesting that Bowers disclose, among other things, documents showing all sources of income for himself and his wife. Bowers responded with a letter of his own asserting that he had discharged his obligations to ClearOne, or, if he had not, then any further collection proceedings must take place in Georgia.

Given Bowers's response letter, ClearOne moved for an order to show cause why he should not be held in contempt of his release conditions. Bowers opposed, but separately filed a notice with the district court stating that he had now answered ClearOne's discovery requests and produced everything in his power to produce. He further stated that his only income was his Social Security benefit.

4

The district court held a hearing during which ClearOne withdrew its motion in light of Bowers's recent production. ClearOne instead requested that the district court admonish Bowers. The district court ordered ClearOne to submit a supplemental brief about that request.

ClearOne submitted a supplemental brief with a proposed order, which the district court adopted. The order is captioned an "order of admonishment," R. at 656 (capitalization normalized), and affirms that Bowers's civil release conditions (such as cooperating with ClearOne's discovery requests) remain in force until the judgments against him expire or are satisfied. It also warns that "if [Bowers] commits any future violations of the orders of this Court, he may be found in contempt and incarcerated, and the Court may refer any future misconduct or contempt to the United States Attorney for criminal prosecution." R. at 660, ¶ 18 (emphasis omitted).

The final paragraph of the admonishment order departs from general admonishment and compels certain discovery: "[T]he Court orders Donald Bowers to produce to ClearOne all statements from January 1, 2017, to the present, for any account into which any of his social security benefits have been deposited from January 1, 2017, to the present." *Id.* ¶ 19 (emphasis omitted). A footnote explains that, despite Bowers's claim that his Social Security benefit is his only income, "he has not provided statements for the account(s) into which his social security benefits are deposited." *Id.* ¶ 19 n.14.

5

Bowers timely appealed from this order. He also sought a stay pending appeal from the district court, asserting that his Social Security benefit is deposited into his wife's bank account, which "is not a joint account," and he "does not have, and never had, access to [that] account." Suppl. R. at 92. The district court denied the motion, reasoning as follows:

> Bowers asserts that he is threatened with irreparable harm in being ordered to produce, under threat of incarceration, banking records belonging to a third party. That is true. But Bowers represents that he has placed his only asset (Social Security funds) in the account of a third party, so it is not unreasonable to require him to produce the records associated with that account, particularly since the third party is his wife.

*Id.* at 98.

**B.    Analysis**

Bowers argues that the admonishment order contains numerous flaws, including its requirement that he produce records to which (he says) he does not have access. ClearOne asserts, however, that this court does not have jurisdiction to review that order because the district court has not held Bowers in contempt for disobeying.

The admonishment order is, in effect, an order compelling postjudgment discovery under Federal Rule of Civil Procedure 69(a)(2). Our circuit has no published authority answering whether the compelled party may immediately appeal such an order. The consensus among our sister circuits is that the order is not appealable until the district court finds the compelled party in contempt for

6

disobedience. *See Cent. States, Se. & Sw. Areas Pension Fund v. Express Freight Lines, Inc.*, 971 F.2d 5, 6 (7th Cir. 1992); *Richmark Corp. v. Timber Falling Consultants, Inc.*, 937 F.2d 1444, 1449 (9th Cir. 1991); *Rouse Constr. Int'l, Inc. v. Rouse Constr. Corp.*, 680 F.2d 743, 745–46 (11th Cir. 1982); *Childs v. Kaplan*, 467 F.2d 628, 629–30 (8th Cir. 1972); *United States v. Fabric Garment Co.*, 383 F.2d 984, 984 (2d Cir. 1967). These decisions persuade us, so we agree with ClearOne that we lack jurisdiction over Bowers's appeal of the admonishment order.

Bowers counters, however, that the admonishment order might as well be a contempt order because it "is simply a trap for contempt awaiting failure of an impossible task." Aplt. Reply Br. at 5. It is not clear this changes the jurisdictional calculus. Regardless, "[a] district court has broad discretion in using its contempt power to require adherence to court orders." *United States v. Riewe*, 676 F.2d 418, 421 (10th Cir. 1982). We will not assume *ex ante* that the district court will exercise that broad discretion in any particular manner.

Bowers offers us no other jurisdictional basis for his attacks on the admonishment order. Accordingly, we dismiss No. 20-4108 for lack of jurisdiction.

## II.     APPEAL NO. 20-4105

As the parties litigated the issues leading to the admonishment order, they simultaneously litigated a separate matter regarding renewal of judgment. That matter is before us in No. 20-4105.

## A.     Background & Procedural History

As noted above, the district court entered judgment against Bowers to compensate ClearOne for the attorneys' fees it incurred in contempt proceedings. The district court entered that judgment on April 21, 2010, and awarded ClearOne approximately $57,000. Bowers appealed the April 2010 judgment and we affirmed. *See ClearOne*, 643 F.3d at 778–81.

On December 8, 2011, the district court entered judgment for additional contempt-related fees. The December 2011 judgment awarded ClearOne $22,743.88 against Bowers individually and $184,506.52 against Bowers and his co-contemnors jointly and severally. Bowers appealed the judgment and we also affirmed. *See ClearOne Commc'ns, Inc. v. Bowers*, 509 F. App'x 798, 803 (10th Cir. 2013).

In Utah, money judgments generally remain enforceable for eight years. Utah Code Ann. § 78B-5-202(1); *see also* Fed. R. Civ. P. 69(a)(1) ("The procedure on execution [of a money judgment]—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located . . . ."). But Utah law also allows a judgment to be renewed for eight more years if the judgment creditor files a motion to that effect before the original eight years expires. *See* Utah Code Ann. §§ 78B-6-1802(2), 78B-6-1804.

Apparently ClearOne let its April 2010 judgment expire. But shortly before the eight-year anniversary of its December 2011 judgment, ClearOne moved for an additional eight years on that judgment. The renewal motion included a description of moneys recovered so far on its various judgments, not just the December 2011

8

judgment. As relevant to the arguments we must address below, ClearOne represented as follows:

1. In February 2012, it settled with defendant Andrew Chiang for less than the total of the individual judgments against him, so no amount of that settlement had been applied to any joint and several judgment.

2. In April 2012, it received $6,095.30 from the bankruptcy trustee in a bankruptcy matter Bowers filed in the middle of contempt proceedings. ClearOne applied that amount to the April 2010 judgment.

3. Between April 2018 and August 2019, it received various smaller payments from Bowers personally, totaling $1,400. It applied those payments to the portion of the December 2011 judgment running against Bowers individually.

4. No payment had been made on the joint and several portion of the December 2011 judgment.

ClearOne accordingly requested that the renewed December 2011 judgment subtract $1,400 from the individual award against Bowers, and that the joint and several award be renewed in full against all co-contemnors except Chiang (given his settlement).

Over Bowers's opposition, the district court granted ClearOne's motion and renewed the judgment on the terms requested. Bowers filed a Federal Rule of Civil Procedure 59(e) motion to reconsider. The district court denied that motion, and Bowers filed a notice of appeal.

**B. Analysis**

**1. Joint and Several Liability vs. Proportionate Fault**

Bowers asserts that Utah has abolished joint and several liability and now requires proportionate fault, so the joint and several portion of the renewed judgment must be vacated and apportioned among Bowers and his co-contemnors. We rejected this argument in Bowers's original appeal from the December 2011 judgment: "Utah law does not apply—the contempt award was grounded in the district court's inherent power to enforce its orders, not in Utah law." *ClearOne*, 509 F. App'x at 803. The district court did not err in rejecting this argument again. Indeed, it would have been error to rule otherwise. *See Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001) ("[T]he mandate rule[] provides that a district court must comply strictly with the mandate rendered by the reviewing court." (internal quotation marks omitted)).

**2. Credit for Amounts Recovered**

Bowers argues that, in at least two instances, ClearOne misapplied amounts it had recovered from him.

First, as to the $6,095.30 ClearOne recovered from Bowers's bankruptcy proceeding, Bowers insists that ClearOne should have applied only 21% of it to the April 2010 judgment, with the remaining 79% going to other judgments against him. Bowers derives his 21% figure from the fact that the April 2010 judgment comprised about 21% of ClearOne's approved claim in the bankruptcy proceeding.

10

Second, as to the settlement monies recovered from Chiang, Bowers says that "a proportionate accounting of the [Chiang settlement] funds would be required [by law]," Aplt. Opening Br. at 27, apparently meaning that some amount of the Chiang settlement should reduce the joint and several portion of the December 2011 judgment.

Bowers cites no authority supporting either argument. Even more importantly, he first advanced these theories in his reply in support of his Rule 59(e) motion. "[W]hen a litigant fails to raise an issue below in a timely fashion and the court below does not address the merits of the issue, the litigant has not preserved the issue for appellate review." *FDIC v. Noel*, 177 F.3d 911, 915 (10th Cir. 1999). Bowers therefore waived these arguments and we do not consider them. *See id.* at 915–16 (holding that appellant had waived an argument advanced for the first time in a reply brief in support of a motion to reconsider).[1]

### 3.     Alleged Failure to Consider the Rule 59(e) Motion

Bowers's final attack on renewal of judgment is an assertion that the district court abused its discretion because it "never considered" the arguments advanced in his Rule 59(e) motion. Aplt. Opening Br. at 28. We have reviewed the district court's Rule 59(e) order and find that it addresses all of Bowers's arguments. Bowers's contention to the contrary is meritless.

---

[1] In his appellate reply brief, Bowers advances a third argument that the renewed judgment fails to account for all monies received from him. That argument is waived because it does not appear in the opening brief. *In re Motor Fuel Temperature Sales Practices Litig.*, 872 F.3d 1094, 1112 n.5 (10th Cir. 2017).

11

## III. RECUSAL

Lastly, Bowers claims that the district judge should have recused himself because his rulings show evidence of bias and favoritism. Bowers says he moved for recusal in May 2014 and the district judge denied that motion in June 2014. Apparently recognizing that the time to appeal from that denial has long since expired, Bowers says that "[r]ecusal attempts . . . have proven to be futile and were already exhausted." Aplt. Opening Br. at 6. He further argues that the district judge's rulings since 2014 reinforce his claim of bias and favoritism.

We have no jurisdiction to review the district judge's June 2014 order and Bowers provides no authority (nor are we aware of any) holding that one recusal motion is enough to preserve the issue in perpetuity. Moreover, to the extent Bowers believes the district judge should have recused *sua sponte* sometime after June 2014, we review only for plain error. *See United States v. Kimball*, 73 F.3d 269, 273 (10th Cir. 1995) ("Defense counsel neither filed a pleading nor moved for recusal during trial. Therefore, we decide under a plain error standard whether the district judge was so biased or reasonably appeared to be so biased that we should order retrial with a different judge."). But Bowers "fail[s] to argue for plain error and its application on appeal," which "surely marks the end of the road" for this argument. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011). For these reasons, we do not reach Bowers's claim that the district judge should have recused himself.

12

## IV. CONCLUSION

We affirm No. 20-4105 and dismiss No. 20-4108 for lack of appellate jurisdiction. We deny Bowers's motion to supplement the record and his motion to strike the court's *sua sponte* supplementation of the record.

Entered for the Court


Timothy M. Tymkovich
Chief Judge