In re Janis M. McREYNOLDS a/k/a Janis Michelle Skeen a/k/a Michelle Skeen p/d/b/a Michelle Skeen Interiors, Debtor.

**Paul A. BILZERIAN and Terri L. Steffen, Plaintiffs,**

v.

**Janis M. McREYNOLDS, Defendant.**

**Bankruptcy No. 93–1861–8P7.**
**Adv. No. 93–321.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 21, 1994.

Lawrence L. Scott, Tampa, FL.

Albert Lima, Tampa, FL.

## ORDER ON MOTION FOR CONTEMPT AND MOTION TO STRIKE PLAINTIFFS' MOTION FOR CONTEMPT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Motion for Contempt filed on February 9, 1994 by Paul A. Bilzerian (Bilzerian), in proper person. Bilzerian in his Motion seeks a citation of civil contempt and imposition of sanctions against Lawrence L. Scott (Scott). On February 12, 1994 Scott filed a response to Bilzerian's Motion coupled with a Motion to Strike and also sought imposition of sanctions and costs. At the duly scheduled hearing on Bilzerian's Motion and the Motion to Strike, the following facts, which are basically without dispute, have been established and they are as follows:

On September 19, 1993, Bilzerian caused a Subpoena Duces Tecum to be served on Scott requiring him to produce certain documents and appear at a deposition scheduled for 10:00 a.m. on November 12, 1993. Scott failed to appear at the scheduled time and failed to produce any documents. On November 12, 1993 Scott contacted one of the Plaintiffs, Terry L. Steffen, Bilzerian's wife, and requested that the deposition be rescheduled. According to Scott there was an agreement to reschedule the deposition and Scott agreed to appear at Merit Reporting Service, 505 N. Morgan Street, Tampa, Florida, and respond to the Subpoena Duces Tecum on December 17, 1993 at 9:00 a.m. at Merit Reporting Service, 505 N. Morgan Street, Tampa, Florida. According to Scott's Response he appeared on that date and tendered all requested and required documents. It appears that neither Bilzerian nor his wife appeared at the deposition. The deposition of Scott was rescheduled pursuant to Order entered by this Court for January 31, 1994 at 9:30 a.m. at Merit Reporting Service at the address indicated earlier but Scott, through facsimile transmission, informed Bilzerian that he had already produced and delivered all documents, as requested, on December

Joel B. Fein, Brandon, FL, for plaintiffs.

Paul A. Bilzerian, pro se.

Terri L. Steffen, pro se.

17, 1993 at 9:00 a.m., the date agreed upon for the rescheduled deposition, and, therefore, he will not reappear on January 31, 1994 at 9:30 a.m. as ordered by this Court on January 12, 1994. The record reveals that Scott did not file a Motion to Quash Subpoena neither did he file a Motion For Protective order and clearly disregarded and violated this Court's Order entered January 12, 1994. These are the facts based on which Bilzerian contends that he is entitled to the relief sought in his Motion.

The procedure which governs subpoenas and subpoenas duces tecum is established by Fed.R.Civ.P. 45 which Rule is adopted by F.R.B.P. 9016. This Rule provides, in subclause (e) that the "failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." In addition, F.R.B.P. 7037, which adopted Fed.R.Civ.P. 37, provides for the imposition of sanctions against a party who has failed to obey an order providing or permitting discovery. Fed.R.Civ.P. 37(b)(2)(D).

F.R.B.P. 9020 deals with contempt proceedings. This Rule requires a contempt committed in a case or in a proceeding shall be determined only after a hearing, on notice, and notice shall be in writing and shall state essential facts constituting the contempt charged and describe the contempt as criminal or civil and shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense.

█ The difficulty with the contempt aspect of Bilzerian's Motion is apparent from the record in that the Motion was not processed in compliance with Rule 9020 since the telephonic notice of the hearing on the Motion failed to contain any information required by F.R.B.P. 9020.

█ This leaves for consideration whether or not sanctions could be imposed on Scott not for violating the subpoena but for failure to comply with a discovery order. The answer to this question must be clearly in the affirmative for the simple reason that Scott was ordered by this Court on January 12, 1994 to produce all documents responsive to the subpoena on or before January 31, 1994. All of the documents requested to be produced was the correspondence between Scott and George Evangelou, Director of Credit Services of World Carpets. The justification of Scott for failure to produce this documentation was on the basis that it would violate the attorney/client privilege. Even a cursory reading of the correspondence dated July 6, 1992, July 24, 1992 and July 31, 1992 leaves no doubt that none of the material included could possibly be protected by attorney/client privilege. These are not communications between Scott and a client in this case, but between Scott and a third party. The claim to invoke the privilege is clearly specious and frivolous. While it is true that Scott finally did appear at the deposition on February 4, 1994, he did violate the Order of this Court which in turn necessitated Bilzerian to file the present Motion under consideration. Ordinarily it would be appropriate under these facts to impose monetary sanctions to compensate for Bilzerian's costs and expenses caused by Scott's failure to comply with the discovery rules. While Bilzerian would be entitled to reimbursement for the costs incurred in conjunction with the first deposition scheduled for November 12, 1993, it is difficult to consider any other sanctions in light of the fact that Bilzerian is a pro se litigant and thus is not entitled to compensation for attorneys fees simply because he is not represented by counsel. Based on the foregoing, this Court is satisfied that while Bilzerian's Motion for Contempt must be denied as procedurally improper, it is appropriate to impose sanctions to the costs incurred for the Court Reporter in conjunction with the November 12, 1993 deposition pursuant to F.R.B.P. 7037.

This leaves for consideration the Motion to Strike Motion for Contempt filed by Scott which, inter alia, also requests the imposition of sanctions against Bilzerian and to enjoin Bilzerian or his wife from further attempts to harass and intimidate him. This Court is satisfied that there is no basis in this Motion in law or in fact and for this reason the Motion should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Contempt filed by Paul Bilzerian be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Sanctions filed by Paul Bilzerian be, and the same is hereby, granted and upon submission of proper invoices, Lawrence L. Scott shall be ordered, by separate order, to pay the same to Paul A. Bilzerian. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Strike and Motion for Contempt filed by Lawrence L. Scott be, and the same is hereby, denied.

DONE AND ORDERED.