SECURITIES AND EXCHANGE
COMMISSION, Appellee

Terri L. Steffen and Puma Foundation,
Ltd., Appellants

v.

Paul A. BILZERIAN, Appellant

Ernest B. Haire, et al., Appellees.

No. 10–5308.

United States Court of Appeals,
District of Columbia Circuit.

May 4, 2012.

Hope Hall Augustini, Senior Litigation Counsel, Securities and Exchange Commission, Washington, DC, for Appellees.

Paul Decailly, Decailly Law Group, PA, Tampa, FL, Paul Decailly, for Appellant.

Geoffrey Todd Hodges, G.T. Hodges P.A., Lutz, FL, Steven D. Gordon, Esquire, Holland & Knight LLP, Washington, DC, Cristen Sikes Rose, DLA Piper US LLP, Washington, DC, for Appellee.

Geoffrey Todd Hodges, G.T. Hodges P.A., Lutz, FL, pro se.

Paul A. Bilzerian, Tampa, FL, pro se.

Before: HENDERSON, ROGERS, and TATEL, Circuit Judges.

### AMENDED JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). For the reasons set forth in the accompanying memorandum, it is

**ORDERED AND ADJUDGED** that the district court's order filed July 13, 2010, be vacated as moot with respect to the sanctions imposed for the failure to dismiss the

lawsuit *Puma Foundation, et al. v. Haire,* Case No. 06–9816, in the Circuit Court for the Thirteenth Judicial Circuit of Florida; that this appeal be dismissed as moot with respect to the district court's finding of contempt based on the commencement of the lawsuit *Puma Foundation v. Hodges,* Case No. 09–CA–02180, in the Circuit Court for the Thirteenth Judicial Circuit of Florida; and that the district court's July 13, 2010 order be affirmed in all other respects.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to issue the mandate seven days after the issuance of this judgment.

### MEMORANDUM

■ Appellants have raised several claims of mootness in their appeal briefs and petition for rehearing. It is true that the dismissal by the Circuit Court for the Thirteenth Judicial Circuit of Florida of the lawsuit *Puma Foundation, et al. v. Haire,* Case No. 06–9816, rendered moot the issue of appellants' compliance with the district court's prior order to dismiss that suit. Accordingly, the district court lacked jurisdiction to impose sanctions for the failure to dismiss that suit. *See Loughlin v. United States,* 393 F.3d 155, 170–71 (D.C.Cir.2004) ("[A]n appellate court may act *sua sponte* to vacate a trial court decision if it determines that the lower court lacked jurisdiction due to mootness.").

Appellant Puma Foundation ("Puma") notes that the lawsuit *Puma Foundation v. Hodges,* Case No. 09–CA–02180, also filed in the Circuit Court for the Thirteenth Judicial Circuit of Florida, was dismissed with prejudice by that court prior to issuance of the district court's order holding it in contempt, but because Puma filed a motion to vacate or reconsider the dismissal order, there was still a live con-troversy before the district court regarding this lawsuit. Following the district court's decision, however, Puma voluntarily dismissed the action. As a result, this appeal must be dismissed as moot with respect to the contempt proceeding for commencement of this suit. The district court's contempt finding based on the commencement of this suit will not be vacated. *See Am. Bar Ass'n v. FTC,* 636 F.3d 641, 649 (D.C.Cir.2011) ("[V]acatur is usually inappropriate when 'the party seeking relief from the judgment below caused the mootness by voluntary action.'" (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship,* 513 U.S. 18, 24, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994))).

In addition, appellant Terri Steffen has failed to demonstrate that the dismissal without prejudice of her adversary action against Geoffrey Todd Hodges in her bankruptcy proceeding caused the contempt proceeding for commencement of this action to become moot. After the action was dismissed, Steffen filed a motion for reconsideration challenging the bankruptcy court's determination that the claim against Hodges belonged to the trustee of her estate, and she has not withdrawn this motion.

■ Appellants' remaining arguments are without merit. This court has already rejected the argument that the district court lacked jurisdiction to impose a civil contempt sanction on its own motion. *See SEC v. Bilzerian,* 410 Fed.Appx. 346, 347–48 (D.C.Cir.2010). Puma and Steffen raise for the first time on appeal their argument that the July 19, 2001 injunction violates their constitutional right of access to the courts, and this argument is accordingly forfeited. *See Breeden v. Novartis Pharm. Corp.,* 646 F.3d 43, 56 (D.C.Cir. 2011). Moreover, Puma and Steffen have failed to show that the district court abused its discretion in applying the 2001

injunction to them, *see Armstrong v. Exec. Office of the President,* 1 F.3d 1274, 1289 (D.C.Cir.1993) (district court's finding of contempt is reviewed for abuse of discretion), or that they were entitled to discovery or an evidentiary hearing, *see Food Lion, Inc. v. United Food & Commercial Workers Int'l Union,* 103 F.3d 1007, 1019–20 (D.C.Cir.1997).