# United States Court of Appeals
# for the Federal Circuit

---

**TERRI L. STEFFEN, PAUL A. BILZERIAN,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2020-1562

---

Appeal from the United States Court of Federal Claims in No. 1:12-cv-00063-PEC, Judge Patricia E. Campbell-Smith.

---

Decided: May 3, 2021

---

TERRI L. STEFFEN, PAUL BILZERIAN, Basseterre, Saint Kitts and Nevis, pro se.

JANET A. BRADLEY, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOAN I. OPPENHEIMER, RICHARD E. ZUCKERMAN.

---

Before NEWMAN, DYK, and REYNA, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* REYNA.

Dissenting opinion filed by *Circuit Judge* NEWMAN.

REYNA, *Circuit Judge.*

This appeal is the latest in a protracted litigation spanning more than three decades in the federal courts. Pro se appellants Terri L. Steffen and Paul A. Bilzerian are a married couple seeking an $8.2 million tax refund pursuant to 26 U.S.C. § 1341. The money in dispute stems from transactions that Mr. Bilzerian made in 1985 and 1986 related to the purchase and sale of certain common stocks, for which he was convicted of securities fraud. Because the appellants' complaint does not entitle them to the legal remedy they seek, we affirm the decision of the United States Court of Federal Claims granting the government's motion to dismiss and denying leave to amend the complaint.

BACKGROUND

On September 29, 1989, Mr. Bilzerian was convicted on nine counts of securities fraud, making false statements to the Securities and Exchange Commission (SEC), and conspiracy to commit certain offenses and defraud the SEC and the Internal Revenue Service (IRS). *United States v. Bilzerian*, 926 F.2d 1285, 1289 (2d Cir. 1991). The United States District Court for the Southern District of New York entered a judgment of conviction, sentenced Mr. Bilzerian to four years in prison, and imposed a $1.5 million fine. *Id.* The court further ordered Mr. Bilzerian to disgorge $62,337,599.53. *Sec. & Exch. Comm'n v. Bilzerian*, 112 F. Supp. 2d 12, 14 (D.D.C. 2000), *aff'd*, 75 F. App'x 3 (D.C. Cir. 2003).

On January 31, 2012, Mrs. Steffen filed a pro se complaint in the Court of Federal Claims seeking an

$8,243,145 tax refund pursuant to 26 U.S.C. § 1341.[1] S.A. 1. She amended the complaint on April 23, 2012. *See* S.A. 5. On August 7, 2017, Mrs. Steffen and Mr. Bilzerian filed a second amended complaint as joined parties. S.A. 46.

On September 19, 2018, the government filed a motion to dismiss with prejudice the appellants' second amended complaint for failure to state a claim upon which relief can

---

[1]    The appellants are not represented by counsel in this appeal, but they are no strangers to judicial proceedings and have appeared pro se dozens of times during the last three decades. *See generally, e.g.*, *Sec. & Exch. Comm'n v. Bilzerian*, 811 F. App'x 3 (D.C. Cir. 2020); *Steffen v. United States*, 147 Fed. Cl. 142 (2020); *In re Steffen*, 611 F. App'x 677 (11th Cir. 2015); *In re Steffen*, No. 8:13-CV-1700-T-27, 2014 WL 11428827 (M.D. Fla. Mar. 13, 2014); *Iberiabank v. Daer Holdings, LLC*, No. 8:12-CV-2872-T-30MAP, 2014 WL 345925 (M.D. Fla. Jan. 30, 2014); *Sec. & Exch. Comm'n v. Bilzerian*, No. CV 89-1854 (RCL), 2012 WL 13070124 (D.D.C. Nov. 15, 2012); *Steffen v. Comm'r*, 104 T.C.M. (CCH) 303 (T.C. 2012); *Sec. & Exch. Comm'n v. Bilzerian*, 487 F. App'x 580 (D.C. Cir. 2012); *Sec. & Exch. Comm'n v. Bilzerian*, No. CV 89-1854 (RCL), 2011 WL 13267160 (D.D.C. Oct. 3, 2011); *Steffen v. Akerman Senterfitt*, No. 8:04-CV-1693-T-24MSS, 2005 WL 8160099 (M.D. Fla. Nov. 30, 2005); *Sec. & Exch. Comm'n v. Bilzerian*, 131 F. Supp. 2d 10 (D.D.C. 2001), *aff'd*, 75 F. App'x 3 (D.C. Cir. 2003); *Sec. & Exch. Comm'n v. Bilzerian*, 127 F. Supp. 2d 232 (D.D.C. 2000), *aff'd*, 75 F. App'x 3 (D.C. Cir. 2003*); Bilzerian v. Comm'r*, 82 T.C.M. (CCH) 295 (T.C. 2001); *In re Bilzerian*, 153 F.3d 1278 (11th Cir. 1998); *Bilzerian v. United States*, 41 Fed. Cl. 134 (1998); *Bilzerian v. United States*, 125 F.3d 843 (2d Cir. 1997); *Sec. & Exch. Comm'n v. Bilzerian*, 29 F.3d 689 (D.C. Cir. 1994); *In re McReynolds*, 166 B.R. 452 (Bankr. M.D. Fla. 1994).

be granted. S.A. 65. The Court of Federal Claims granted the motion on July 24, 2019, issued its order pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims (RCFC), and sua sponte denied permission to file any further amendments to the complaint. J.A. 2, 8. On August 20, 2019, the appellants filed a motion for reconsideration pursuant to RCFC 59(a)(1) and sought leave to file a third amended complaint. J.A. 10–11. The court denied the motion for reconsideration and request to amend on January 6, 2020. *Id.* This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo a dismissal for failure to state a claim upon which relief can be granted by the Court of Federal Claims. *Welty v. United States*, 926 F.3d 1319, 1323 (Fed. Cir. 2019) (citing *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000)). In a denial of a motion to amend a complaint, we review the findings of the Court of Federal Claims for an abuse of discretion. *Intrepid v. Pollock*, 907 F.2d 1125, 1129 (Fed. Cir. 1990).

The Court of Federal Claims may properly grant a motion to dismiss under RCFC 12(b)(6) when a complaint does not allege facts that show the plaintiff is entitled to the legal remedy sought. *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). The appellants' second amended complaint sought a tax refund pursuant to § 1341. To establish entitlement to a tax refund under the statute, a taxpayer must satisfy two elements. First, the taxpayer must show a reasonable belief that she had an unrestricted right to the disputed funds when she first reported them as income. *See* 26 U.S.C. § 1341(a)(1); *Nacchio v. United States*, 824 F.3d 1370, 1374 (Fed. Cir. 2016) (citation omitted). Second, the taxpayer is required to tether a claim for a tax deduction in excess of $3,000 to another

section of the Internal Revenue Code (IRC).[2] *See* 26 U.S.C. § 1341(a)(2)–(3); *Culley v. United States*, 222 F.3d 1331, 1335 (Fed. Cir. 2000) (citations omitted). A plaintiff cannot prevail under § 1341 unless both requirements are met.

The appellants' complaint fails to establish a reasonable belief of having an unrestricted right to the disputed funds when the money was first reported as income. The funds in dispute originated from Mr. Bilzerian's securities fraud, for which he was convicted in a court of law. This court has held that a reasonable, unrestricted-right belief cannot exist where a taxpayer knowingly acquires the disputed funds via fraud. *Culley*, 222 F.3d at 1335 (Fed. Cir. 2000) (citation omitted). The "taxpayer's illicit hope that his intentional wrongdoing will go undetected cannot create the appearance of an unrestricted right." *Id.* at 1336. This principle applies with equal force here and forecloses the appellants' unrestricted-right claim to recover the funds as a matter of law.

Because the appellants cannot, as a matter of law, have a reasonable, unrestricted-right belief, they cannot plead a claim under § 1341. As a result, further opportunity to

---

[2]    The text of the statute prescribes an allowance for a tax-refund claim if:

(1) an item was included in gross income for a prior taxable year (or years) because it appeared that the taxpayer had an unrestricted right to such item;

(2) a deduction is allowable for the taxable year because it was established after the close of such prior taxable year (or years) that the taxpayer did not have an unrestricted right to such item or to a portion of such item; and

(3) the amount of such deduction exceeds $3,000.

26 U.S.C. § 1341(a).

amend their complaint would be futile.  *See Kemin Foods, L.C. v. Pigmentos Vegetales del Centro S.A. de C.V.*, 464 F.3d 1339, 1353 (Fed. Cir. 2006) (noting that leave to amend may be denied when "the amendment would be futile").

The second § 1341 requirement proves equally unavailing for the appellants.  The Court of Federal Claims noted that, despite "hav[ing] had multiple opportunities to revise their complaint," the appellants failed to tether their tax-refund claim to another section of the Tax Code as required by statute.  *Steffen v. United States*, 145 Fed. Cl. 1, 5 (2019), *reconsideration denied*, 147 Fed. Cl. 142 (2020).  The "fail[ure] to address th[is] deficiency in response to the [government]'s motion to dismiss" for ten months in three subsequent briefs is fatal to their claim.  *Steffen*, 145 Fed. Cl. at 5.  The court therefore properly dismissed the complaint.

The appellants argue that their failure to state a claim under § 1341 should be excused because they are entitled to pro se deference.  *See* Appellants' Br. 12.  But the Court of Federal Claims found that argument unpersuasive in view of the appellants' litigation history.  *See Steffen*, 145 Fed. Cl. at 5.  We acknowledge the long-held principle that pleadings drafted by pro se litigants are generally held to "less stringent standards" than pleadings filed by trained attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  But procedural leniency toward a specific class of litigants does not translate to unfettered deference and dereliction of judicial review.  Courts may scour pro se pleadings in search for a legal argument, but they cannot excuse a litigant's failure to bring a claim entitled to legal remedy.  *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [a party] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures.").  As is evident from their extensive litigation history in the federal courts, the appellants are anything but inexperienced pro se litigants.  To

the contrary, the appellants have demonstrated an ability to draft a variety of legal documents, and they wield a legal acumen uncommon among pro se litigants. The appellants' complaint had already undergone three iterations before the Court of Federal Claims denied permission to file any further amendments. Under these circumstances, we conclude that the Court of Federal Claims did not abuse its discretion in denying the appellants special deference.

Based on the foregoing, we hold that the Court of Federal Claims properly dismissed the case because the appellants (1) did not have an unrestricted right to funds acquired by fraud as a matter of law, foreclosing their ability to plead a claim under § 1341; (2) failed to tether the § 1341 deduction claim to another section of the IRC; and (3) were not entitled to pro se deference under the facts presented. Because leave to amend would have been futile, the Court of Federal Claims properly exercised its discretion to deny leave to amend the complaint.

The dissent claims that the Court of Federal Claims dismissed the suit for failure to "cite" applicable tax-code sections. Dissent Op. at 2. This is not accurate. The Court of Federal Claims explained that the appellants were aware of the § 1341 requirements and had multiple opportunities to cure the defects in their complaint. *Steffen*, 145 Fed. Cl. at 5. Based on those facts, the court determined that "[a]bsent an allegation of the source of the deduction plaintiffs seek, the court cannot provide a legal remedy." *Id.* We agree.

The dissent also contends that the Court of Federal Claims dismissed the action "without notice and without opportunity to amend the complaint." Dissent Op. at 1–2, 3. This is also incorrect. The government undisputably moved to dismiss on the ground that the appellants cannot establish a reasonable belief of an unrestricted right to the funds. S.A. 82–91. We also note that the § 1341 requirement to tether a tax deduction to another

section of the Tax Code was properly raised in the government's brief in support of its motion to dismiss the appellants' second amended complaint with prejudice. *See* S.A. 81 (noting that a taxpayer must show "entitle[ment] to a deduction under the [IRC] . . . , [which] must be 'allowable' under a provision of the [Tax] Code other than § 1341.") (citations omitted). The appellants therefore had clear notice of this ground and could have responded, but did not do so, "in any of the subsequent three briefs they filed." *Steffen*, 145 Fed. Cl. at 5. Accordingly, we find no abuse of discretion in the denial to amend the complaint for a third time, so as to identify a potential provision of the Tax Code to which the claim could be tethered as required under § 1341. In any event, any amendment would have been futile because the appellants could not have reasonably believed that they had an unrestricted right to the funds under the statute.

The extensive litigation history of this case reveals a clear pattern: The appellants have, for decades, litigated to no avail the same tax-refund claims. The appellants' involvement in other cases demonstrates they were aware of the § 1341 requirements, including the need to tether a tax-deduction claim to another section of the IRC. This litigation history belies the appellants' claims that they had no clear notice of the § 1341 requirements.[3] Even if, contrary

---

[3] For example, during proceedings before the United States Bankruptcy Court for the Middle District of Florida, Steffen filed a "Debtor's Motion for Partial Summary Judgment on Tax Refund Claim," S.A. 470, which explicitly cited *Culley* and cross-referenced 26 U.S.C. § 162 (I.R.C. § 162) as the other section of the IRC required for entitlement to a deduction under § 1341. S.A. 480–81. In a case before the Court of Federal Claims in 1998, the appellants filed suit challenging another IRS denial of a deduction, which the appellants claimed qualified as an

to the facts above, the appellants somehow had inadequate notice of the tethering requirement, there is a wholly independent ground for denying leave to amend because, as a matter of law, the appellants cannot demonstrate a reasonable belief of an unrestricted right to the disputed funds, making any amendment entirely futile.

We have considered the appellants' remaining arguments and find them unavailing. We discern no basis to conclude that, under the facts of this case, the Court of Federal Claims abused its discretion in dismissing the appellants' complaint.

## CONCLUSION

For the reasons set forth in this opinion, we affirm the decision of the Court of Federal Claims granting the government's motion to dismiss and denying leave to amend the complaint.

## **AFFIRMED**

### COSTS

Costs for the appellee.

---

"ordinary and necessary business expense" under 26 U.S.C. § 162(a). *Bilzerian*, 41 Fed. Cl. at 135; S.A. 576. The record shows other such instances of the appellants' notice of the § 1341 requirements.

# United States Court of Appeals for the Federal Circuit

---

**TERRI L. STEFFEN, PAUL A. BILZERIAN,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2020-1562

---

Appeal from the United States Court of Federal Claims in No. 1:12-cv-00063-PEC, Judge Patricia E. Campbell-Smith.

---

NEWMAN, *Circuit Judge*, dissenting.

The Court of Federal Claims dismissed this tax refund appeal on the pleadings and with prejudice, on the ground of absence of jurisdiction or failure to state a claim.[1] The dismissal was without prior notice to the plaintiffs of any defect in their complaint, and without opportunity to cure

---

[1]    *Steffen v. United States*, 145 Fed. Cl. 1 (2019) ("Dismissal Order"); *id.*, 147 Fed. Cl. 142 (2020) ("Recon. Dec.").

the defect, which was the omission from the complaint of the numbers of the applicable sections of the Tax Code.

In its dismissal, the Court of Federal Claims did not discuss the merits of this tax refund claim; this appeal to the Federal Circuit is solely on the question of the dismissal with prejudice, without notice and without opportunity to amend the complaint. Thus in their briefs neither the appellant nor the government discussed the merits of the tax refund claim.

Nonetheless, my colleagues now decide the tax refund claim, and on this basis they rule that the Court of Federal Claims was correct in dismissing the complaint for lack of jurisdiction. My colleagues ignore that the facts are not presented and the law is not argued. There has been no decision by the Court of Federal Claims. Thus the courts deny these taxpayers their right to judicial review of the IRS decision; on a ground so shaky that the government never raised it in the Court of Federal Claims, although the government filed three motions to dismiss. This is not full and fair judicial process.

The only question before us is the dismissal with prejudice because the complaint did not cite the sections of the Tax Code, and refusal of the proffered amended complaint. The government does not now support the reasoning of the Court of Federal Claims, and devotes most of its argument to impugning the character of these plaintiffs. My colleagues on this panel undertake a *sua sponte* decision of the tax refund claim as their reason for supporting the improper dismissal.

The panel majority decides the tax refund claim without briefing, without a record, without argument, without trial and without decision. These plaintiffs are thus evicted from the protection of the laws, for their claim has never had judicial review. As Justice John Marshall observed:

> The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury. One of the first duties of government is to afford that protection.

*Marbury v. Madison*, 5 U.S. 137, 163 (1803). The principle of protection by judicial review is the foundation of a nation ruled by law. *Chambers v. Balt. & Ohio R.R. Co.*, 207 U.S. 142, 148 (1907) ("The right to sue and defend in the courts" is "[i]n an organized society . . . the right conservative of all other rights, and lies at the foundation of orderly government." This right "is one of the highest and most essential privileges of citizenship").

These plaintiffs are now deprived of this constitutional right, without notice and without sound reason. I respectfully dissent.

## A

The Court of Federal Claims, after seven years of litigation activity on this case, preceded by a decade of litigation in IRS tribunals, dismissed the complaint with prejudice and without notice, stating that: "Absent an allegation of the source of the deduction plaintiffs seek, the court cannot provide a legal remedy. As such, the court must dismiss the complaint for failure to state a claim upon which relief can be granted." Dismissal Order at 5. The court refused to permit amendment of the complaint, although the IRS record is replete with citations to the applicable Tax Code provisions.

Plaintiffs state, without contradiction, that this asserted flaw was mentioned for the first time in the issued Dismissal Order. The plaintiffs filed a request for reconsideration accompanied by a request to file an amended complaint, and were denied.

The Court of Federal Claims not only departed from the rules governing the content of a complaint, but also

departed from routine procedures for amendment of a flawed complaint.  Precedent is uniformly against denial of remedial amendment; indeed, when "it appears plainly from [the] record that jurisdiction exists, it best serves the interest of justice to grant the motion for leave to amend without requiring a perfunctory remand for that purpose." *Carlton v. Baww, Inc.*, 751 F.2d 781, 789 (5th Cir. 1985).

B

The Court of Federal Claims did not review the merits of the tax refund claim, but simply dismissed the complaint for "fail[ure] to meet . . . the pleading standards," Recon. Dec. at 146.  My colleagues now state that "the appellants [] did not have an unrestricted right to funds acquired by fraud," Maj. Op. at 7.  However, the Court of Federal Claims' dismissal was based solely on the "threshold issue" of the plaintiffs' failure to identify the applicable sections of the Tax Code.  Dismissal Order at 4.

The panel majority now decides the merits of the tax refund claim, although the merits are not before us for decision.  My colleagues hold, *sua sponte*, that "appellants' complaint does not entitle them to the legal remedy they seek," Maj. Op. at 2.  Notably, the government never moved to dismiss on that ground.  The government had filed several motions to dismiss, including for absence of a necessary party and for a more definite statement, but the government did not move to dismiss on the ground adopted by the panel majority.

The merits are not presented for our appellate review.  There is no exposition and argument of the grounds on which my colleagues purport to rely, and my colleagues' recitation of facts and theories has no record citations, and no opportunity for response.  *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to

apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

Complex issues warrant full briefing and due consideration in the trial court. *See Ferreiro v. United States*, 350 F.3d 1318, 1327 (Fed. Cir. 2003) (remanding the government's jurisdictional arguments because "[t]he Court of Federal Claims did not rule on those grounds and we decline to rule on them in the first instance on appeal"); *Centrak, Inc. v. Sonitor Techs., Inc.*, 915 F.3d 1360, 1369 (Fed. Cir. 2019) (declining to consider enablement in the first instance on appeal); *Valeant Pharm. N. Am. LLC v. Mylan Pharm. Inc.*, 978 F.3d 1374, 1384–85 (Fed. Cir. 2020) (remanding to the district court to consider additional Rule 12(b)(6) arguments in the first instance). My colleagues stray from these foundations of due process.

C

The complaint herein was not incurably defective. A complaint must state a plausible claim for relief, but "does not require the plaintiff to set out in detail the facts upon which the claim is based, but enough facts to state a claim to relief that is plausible on its face." *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Dismissal of a complaint under Rule 12(b)(6) requires prior notice of the perceived inadequacy, with an opportunity to remedy any defect. "[A] plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon." *Neitzke v. Williams*, 490 U.S. 319, 329 (1989). The plaintiff must be enabled "meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action." *Id.* at 329–30; *see also, e.g., Coates Reprographics, Inc. v. Subligraphics, S.A.*, 845 F.2d 1034 (Fed. Cir. 1988)

(vacating and remanding in part because "having acted *sua sponte*, the court gave [plaintiff] no opportunity, prior to entry of the order, to present its arguments with respect to its being prejudiced by the dismissal.").

Notice and an opportunity to remedy a defective complaint is the general rule. *Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988) ("[T]he general rule is that a district court has no authority to dismiss a complaint for failure to state a claim upon which relief can be granted without giving the plaintiff an opportunity to be heard.") (internal quotation marks and citations omitted). In the absence of any reason to deny leave to amend the complaint, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As the Supreme Court stated in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id*. at 182. The Court of Federal Claims departs from its own precedent. *See AAA Pharmacy, Inc. v. United States*, 108 Fed. Cl. 321, 329 n.9 (2012) ("[I]n general, sua sponte Rule 12(b)(6) dismissals are erroneous if parties have not been afforded notice that the complaint insufficiently states a claim and an opportunity to amend the complaint," unless "it is crystal clear that the plaintiff cannot prevail

and that amending the complaint would be futile" (quoting *Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002)).

Despite this solid practice, the Court of Federal Claims and now the Federal Circuit deny these fundamentals of fair process, and my colleagues dispose of the merits without presentation of the merits.

## D

The Court of Federal Claims stated that it was not permitting an amended complaint "[b]ecause plaintiffs were aware of the relevant standard, have had multiple opportunities to revise their complaint, and failed to address the deficiency in response to defendant's motion to dismiss, the court will not permit further amendments in this case." Dismissal Order at 5; *see also* Recon. Dec. at 146. However, there was no motion to dismiss on this ground. The plaintiffs had no notice that the court deemed the complaint deficient, and this purported deficiency was never raised by the government. To the contrary: jurisdiction was accepted over seven years of litigation activity after the complaint was filed.

The government on this appeal does not defend the refusal to permit amendment of the complaint. Instead, the government points to the past offenses of the plaintiffs, for which they received civil and criminal penalties. Persons who have committed offenses are not thereby excluded from access to judicial review of other issues. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977) ("It is now established beyond doubt that prisoners have a constitutional right of access to the courts."); *Lewis v. Casey*, 518 U.S. 343, 350 (1996) ("The right that *Bounds* acknowledged was the (already well-established) right of *access to the courts*.").

The right of reasonable access to the courts is "secured by the Constitution and laws of the United States." *Johnson v. Avery*, 393 U.S. 483, 498 n.24 (1969) (Douglas,

J., concurring).  A complaint should be dismissed for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  *Anaheim Gardens v. United States*, 444 F.3d 1309, 1314–15 (Fed. Cir. 2006) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). "The factual allegations must be enough to raise a right to relief above the speculative level."  *Cary,* 552 F.3d at 1376. This requires "enough facts to state a claim to relief that is plausible on its face."  *Id.*; *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 188 (1984) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").    The dismissal of the complaint with prejudice and denial of opportunity to amend were a clear abuse of discretion.

These plaintiffs are entitled to review of the merits of their tax refund claim.  From my colleagues' contrary ruling, I respectfully dissent.