ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Quality Trust, Inc. | )   ASBCA No. 62576 |
| | ) |
| Under Contract No. FA2517-19-P-A083 | ) |

APPEARANCE FOR THE APPELLANT:          Mr. Lawrence M. Ruiz
                                                                          President

APPEARANCES FOR THE GOVERNMENT:   Jeffrey P. Hildebrant, Esq.
                                                                          Deputy Chief Trial Attorney
                                                                          Lt Col Keric D. Clanahan, USAF
                                                                          Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE STINSON
ON APPELLANT'S MOTION FOR DEFAULT JUDGMENT

Pending before the Board is a motion for default judgment filed by Quality Trust, Inc. (QTI), on August 30, 2022, alleging that the government failed to comply with the requirements of our Order dated June 23, 2022, as well as a second, unspecified Order. Appellant requests that we enter a default judgment against the government for these alleged failures to comply (app. mot. at 1).  The government's September 2, 2022, response states that QTI's motion "is an unsupported complaint that the respondent . . . has not adhered to ASBCA Rule 8 discovery requirements and the orders of the Board regarding discovery," and that to the extent "appellant is requesting sanctions under Rule 16, it has not identified any request to which the government did not reply" (gov't resp. at 1).

On September 23, 2022, QTI filed its reply, entitled "MOTION FOR CONTEMPT OF COURT, SUMMARY JUDGMENT, OR DIRECTED VERDICT," in which appellant essentially restated arguments presented in its motion for default, and sought additional relief, including its request that the Board enter judgment as a matter of law pursuant to FED. R. CIV. P. 50.[1]  On September 27, 2022, the government filed a reply to appellant's September 23, 2022, filing, stating that the government has complied with Board orders, appropriately responded to appellant's discovery requests, and that appellant has presented no evidence the government acted in such a way as to warrant a

_____

[1] In its September 23, 2022, filing, QTI alleges the government failed "to comply with (3) court orders within reasonable time" (app. reply at 2).  However, QTI's September 23, 2022, filing does not specifically identify the third Order with which the government allegedly did not comply.

finding of contempt, or that appellant is entitled to entry of summary judgment, directed verdict, or judgment as a matter of law (gov't reply at 1-3).

BACKGROUND

QTI's motion for default judgment alleges that our June 23, 2022, Order, "directed the respondent to submit a status report every 30 days for the next three months, to see whether additional discovery is necessary," and that "[i]f additional discovery was needed, the parties were to provide a general description of that discovery, and in the event more time is needed for the appellant, then a Supplemental Status Report can be sent in requesting more time" (app. mot. at 1). QTI misstates both the content and requirements of our June 23, 2022 Order. Indeed, in an earlier status report filed by QTI on July 21, 2022, appellant made a similar argument regarding our June 23, 2022 Order, misstating both the content and requirements of the that Order.

By Order dated July 25, 2022, we responded to QTI's July 21, 2022 status report, stating that our June 23, 2022 Order, "dealt with possible settlement, and directed the government, on behalf of both parties, or the parties separately, to file reports every 30 days setting forth the status of settlement negotiations." We noted that the June 23, 2022 Order, did not provide, as suggested by appellant, that "[i]f additional discovery was needed, the parties were to provide a general description of that discovery, and in the event more time is needed for the appellant, then a Supplemental Status Report can be sent in requesting more time." QTI's motion for default makes no mention of this clarification set forth in our July 25, 2022 Order. The government's response to appellant's motion for default judgment states that the government "has strictly adhered to the requirement [of the June 23, 2022 Order] that the government file a joint or unilateral status report every 30 days setting forth the details of any progress towards settlement," with "[t]he last such report, filed unilaterally by the government on August 8, 2022" (gov't resp. at 1).[2]

QTI's motion for default judgment also argues that the government failed to respond to certain discovery requests. Specifically, appellant states:

> The appellant had sent in interrogatories for the respondent to
> simply put a yes or no answer, or an Admit or Deny similar to
> the Air Forces request that we honored in good faith. By way
> of two Orders issued by the Honorable Judge
> David B. Stinson, with the last Order requesting the
> Respondent to answered [sic] back before the August 8th due

---

[2] On September 21, 2022, the government filed an additional report regarding the status of settlement negotiations, stating that "[t]he parties unfortunately remain at an impasse and the government does not foresee a negotiated solution."

2

date to the board.  Accordingly the Air Force, in spite of the Appellants pleas and the Board, they finally answer back with a negative response in lieu of giving us a simple yes or no answer or a Deny or Admit.  The Appellant kindly answered the Respondents Interrogatories in this matter, why could they not simply answer back treating their neighbor as they treat themselves.

(App. mot. at 1)

Presumably, appellant is referencing our July 25, 2022 Order, wherein we also discussed outstanding discovery issues.  In that Order, we noted that QTI previously had submitted a May 7, 2022, document entitled "Appellant's Request for Admission Answers," which appeared to be an updated version of an earlier request for admissions by appellant, that the government previously had answered.[3]  In that document, appellant stated, "[w]ith the passing of time, and exchange of three trial attorneys and a second Judge assigned, the appellant kindly request: that you reiterate your position and assist by simply putting an ADMIT or DENY RESPONSE BY EACH UNDERLINED ADMIT OR DENY . . . ."  Our July 25, 2022 Order, instructed that "[t]o the extent the government has not responded to appellant's request dated May 7, 2022, the government is ORDERED to submit a response no later than August 8, 2022."

In its motion for default judgment, QTI admits that the government responded to appellant's May 7, 2022, request, stating that "they finally answer back with a negative response in lieu of giving us a simple yes or no answer or a Deny or Admit" (app. mot. at 1).  The government responds likewise, stating that it "submitted its final discovery response to the appellant - a revised response to the appellant's May 7, 2022 Request for Admissions - via email on August 8, 2022" (gov't resp. at 2).  The government argues, however, that "appellant's allegation that the government gave a 'negative response in lieu of giving us a simple yes or no answer or a Deny or Admit' does not identify what request was made or the 'negative response' from the government to which appellant is referring" (gov't resp. at 1).[4]  In its September 27, 2022 reply, the government explained

---

[3] QTI previously had filed a "Motion for Discovery," dated April 20, 2022, and by Order dated April 25, 2022, appellant was ordered to provide additional information "[t]o assist the Board in understanding the specific information requested (and whether that information previously was requested by appellant)."  Appellant was given until May 9, 2022, to provide that additional information.  Other than submit its restated request for admissions, appellant's May 7, 2022, submission did not respond directly to any of the requests for clarification set forth in our April 25, 2022 Order.

[4] The government also notes that, "[o]n July 20, 2022, the government provided the appellant via email eleven documents the government presumed the appellant

3

further that "the request for admission appellant submitted to the government is not prepared in a manner that lends itself to simple affirmative or negative answers," that "most questions were very detailed and quite lengthy, generally requiring answers one would expect of traditional interrogatories," and "[w]here the government could answer with a simple "yes or no answer, or an Admit or Deny," it did so, but, where necessary, "provided additional narrative to carefully explain why it must deny a statement made by the appellant or clarify what exactly it was admitting" (gov't reply at 2).

DECISION

Board Rule 17, entitled "Dismissal or Default for Failure to Prosecute or Defend," provides that "[w]henever the record discloses the failure of either party to file documents required by these Rules, respond to notices or correspondence from the Board, comply with orders of the Board, or otherwise indicates an intention not to continue the prosecution or defense of an appeal, the Board may . . . [i]n the case of a default by the Government . . . issue an order to show cause why the Board should not act thereon pursuant to Rule 16. If good cause is not shown, the Board may take appropriate action." Board Rule 16 provides "[i]f any party fails to obey an order issued by the Board, the Board may impose such sanctions as it considers necessary to the just and expeditious conduct of the appeal."

This Board recognizes that "[t]he sanction of the entry of a default judgment in favor of appellant is the severest sanction the Board can issue against the government," and that "[s]uch a sanction should be reserved for situations in which contumacious or contemptuous conduct is shown." *Thorpe Seeop Corp*., ASBCA No. 58961, 14-1 BCA ¶ 35,541 at 174,167 (citations omitted). QTI has failed to demonstrate in any way that the government failed to respond to Orders of this Board, let alone engaged in "contumacious or contemptuous conduct." Notwithstanding QTI's assertion to the contrary, the government properly responded to our June 23, 2022 Order, submitting the requisite monthly reports discussing the status of settlement negotiations. The government likewise properly responded to our July 25, 2022 Order, submitting a response to QTI's May 7, 2022, restated request for admission answers. Although QTI complains about the sufficiency of the government's August 8, 2022, response to QTI's restated request for admissions, appellant's motion for default judgment provides no specifics regarding the alleged insufficiency of the government's response. Under these circumstances, entry of a default judgment against the government is in no way appropriate here.

---

requested in its Motion for Discovery dated April 20, 2022, to which the appellant failed to provide clarification in accordance with the Board order dated April 25, 2022" (gov't resp. at 2).

Regarding appellant's September 23, 2022, request for issuance of a directed verdict or judgment as a matter of law, we note that our rules do not address those motions. Appellant cites FED. R. CIV. P. 50 as support for the issuance of judgment as a matter of law. "Although we look to the Federal Rules of Civil Procedure for guidance, as an administrative tribunal, we are not bound by them." *BAE Systems Land & Armaments L.P.*, ASBCA Nos. 62703, 62704, 21-1 BCA ¶ 37,936 at 184,247 (citations omitted). FED. R. CIV. P. 50 has no application to the circumstances of this appeal, as the rule expressly concerns requests for judgment as a matter of law in the context of a trial by jury. FED. R. CIV. P. 50(A)(2). As we explained previously in our April 26, 2022 Order setting pre-hearing deadlines, "as an administrative tribunal, this Board does not utilize a jury to decide issues of fact. Rather, the Board, as the finder of fact, decides both issues of fact and law. *CANVS Corp.*, ASBCA No. 57784, 18-1 BCA ¶ 37,156 at 180,894 ('[a]s the finder of fact, the Board is responsible for evaluating the credibility, persuasiveness, and weight accorded to conflicting evidence in the record')."

Even assuming FED. R. CIV. P. 50 somehow has application to this appeal, the rule requires that the motion requesting relief "specify the judgment sought and the law and facts that entitle the movant to judgment." QTI's filing does not meet these requirements, as it is aimed at alleged procedural failures of the government to comply with Orders of this Board, which is an argument we already have found lacks merit. The same is true regarding QTI's request for an order of contempt against the government or issuance of summary judgment in favor of appellant – QTI's pleadings fail to establish in any way entitlement to either remedy.

We are mindful of "the long-held principle that pleadings drafted by *pro se* litigants are generally held to 'less stringent standards' than pleadings filed by trained attorneys." *Steffen v. United States*, 995 F.3d 1377, 1380 (Fed. Cir. 2021) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *GLJ, Inc*., ASBCA No. 62964, 22-1 BCA ¶ 38,121 at 185,184. Although the Board accords *pro se* litigants leeway administratively, we still must apply the same legal standards to all parties. *Atlantic Maint. Co*., ASBCA No. 40454, 96-2 BCA ¶ 28,472 at 142,195. QTI, as the moving party seeking issuance of a default judgment, has the burden of proof. QTI's motion for default judgment fails to establish any instance where the government did not respond to notices or correspondence from the Board or comply with our orders. QTI's motion likewise fails to establish that the government's actions in this appeal trigger application of Board Rule 17 for issuance of "an order to show cause why the Board should not act thereon pursuant to Rule 16," or that sanctions pursuant to Board Rule 16, would be appropriate here.

CONCLUSION

Appellant's motion for default judgment is denied. Also denied are appellant's additional request for an order of contempt against the government, issuance of summary judgment in favor of appellant, and judgment as a matter of law pursuant to FED. R. CIV. P. 50.

Dated: October 11, 2022

DAVID B. STINSON
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62576, Appeal of Quality Trust, Inc., rendered in conformance with the Board's Charter.

Dated: October 12, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals