NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**LAUNA GOLDDEEN OGBURN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2022-2189

_____

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01864-SSS, Judge Stephen S. Schwartz.

_____

Decided: April 6, 2023

_____

LAUNA GOLDDEEN OGBURN, Woodbridge, VA, pro se.

IOANA CRISTEI MEYER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

_____

Before TARANTO, CLEVENGER, and HUGHES, *Circuit Judges*.

PER CURIAM.

Laura Golddeen Ogburn ("Ogburn") appeals from the final decision of the United States Court of Federal Claims dismissing her complaint for lack of subject-matter jurisdiction. *Ogburn v. United States*, No. 21-1864C, 2022 WL 3210214 (Fed. Cl. Aug. 9, 2022); SAppx1-3.[1] Because the Court of Federal Claims lacks jurisdiction over Ogburn's claims, we *affirm*.

## BACKGROUND

Ogburn was employed with the Office of the Director of National Intelligence ("ODNI") as the Executive Support Assistant until her retirement on or around October 7, 2012. *Ogburn v. Merit Sys. Prot. Bd.*, 750 F. App'x 990, 990 (Fed. Cir. 2018). In May 2012, the Office of Personnel Management ("OPM") issued a letter informing Ogburn of its approval of her disability retirement application under the Federal Employees Retirement System ("FERS"). *Id.* at 990-91. In August 2016, after Ogburn's request for an explanation of her benefits, OPM issued a letter explaining the computation of her FERS annuity and a breakdown of her retirement benefit calculations. *Id.* at 991. On June 20, 2017, OPM issued an initial decision concerning Ogburn's FERS disability retirement formula and computation, cost of living allowance adjustments, and "profile" and case status. *Id.* Upon Ogburn's request of reconsideration, OPM issued its final decision on October 31, 2017, affirming its initial decision. *Id.*

Ogburn appealed OPM's final decision to the United States Merit Systems Protection Board (the "Board") in November 2017. *Id.* In addition to challenging the formula used in the computation of her FERS retirement, Ogburn also challenged personnel actions allegedly taken by ODNI

---

[1] "SAppx" refers to the supplement appendix the government submitted with its informal response brief.

during her employment. *Ogburn v. Off. of Pers. Mgmt.*, No. DC-0841-18-0135-I-1, 2017 WL 6497543, at n.2 (M.S.P.B. Dec. 13, 2017); SAppx86 n.2. In December 2017, OPM filed a motion to dismiss Ogburn's appeal to the Board because OPM had rescinded its final decision and intended to provide a new decision addressing the issues Ogburn raised on appeal. SAppx86. Accordingly, the Board dismissed Ogburn's appeal because it did not have jurisdiction once OPM rescinded its final decision. *Id.* In a footnote, the Board also stated it lacked jurisdiction over Ogburn's claims related to the personnel actions taken by ODNI because the Board does not have the authority to review such personnel actions by law. *Id.* n.2.

Ogburn appealed the Board's dismissal to this court, and we affirmed the Board's dismissal. *Ogburn*, 750 F. App'x at 992. We also affirmed the Board's conclusion that it lacked jurisdiction over Ogburn's claims related to personnel actions taken by ODNI because as an ODNI employee, Ogburn was not an "employee" with appeal rights to the Board, as defined by 5 U.S.C. § 7511(b)(7). *Ogburn*, 750 F. App'x at 992.

OPM issued a new final decision on February 5, 2019. SAppx95. Ogburn appealed this new final decision to the Board, and the Board affirmed OPM's new final decision on July 8, 2019, finding that OPM correctly computed Ogburn's FERS disability annuity involving Social Security Disability offset. SAppx98. Ogburn then filed a petition for review by the full Board, which is pending. Appellee's Informal Br. 4.

On September 7, 2021, Ogburn filed a pro se complaint in the Court of Federal Claims alleging non-payment of back pay and retirement benefits under FERS for over $1,000,000. SAppx109-11. Ogburn's complaint alleged that her retirement was not voluntary because ODNI placed her on administrative leave without pay before her retirement in retaliation for her report of wrongdoing to the

Inspector General. SAppx115-17. She also alleged that ODNI failed to promote her to a GS-14 position, further entitling her to back pay, based on a desk audit in late November 2011 in which she and four other individuals were deemed "eligible" for promotion. Appellant's Motion 2 (Jan. 30, 2023) [ECF No. 26]; *see also* SAppx 111, 115-17. In addition, her complaint alleged that OPM failed to compute her FERS retirement entitlement correctly. SAppx148. The government moved to dismiss her complaint for want of subject-matter jurisdiction. SAppx1.

The Court of Federal Claims granted the motion to dismiss. SAppx1-3. It reasoned that Ogburn's claims for back pay based on her employment at ODNI, while within the court's Tucker Act jurisdiction, were time-barred by the six-year statute of limitations because her complaint came more than six years from the alleged acts by ODNI that would entitle her to back pay. SAppx2. As for her claims to increased FERS benefits, the Court of Federal Claims found those claims are outside the court's jurisdiction, because claims subject to the jurisdiction of OPM and the Board are beyond the jurisdiction of the Court of Federal Claims. *Id.*; *see Lindahl v. Off. of Pers. Mgmt.*, 470 U.S. 768, 773-75 (1985).

Ogburn timely appealed the Court of Federal Claims' decision to this court, and we have jurisdiction under 28 U.S.C. § 1295(a)(3).[2]

---

[2]    Ogburn filed a motion on January 30, 2023. [ECF No. 26]. This motion appears to be a request to have a panel of this court consider and decide the appeal. To that extent, the motion is denied as moot because this panel has decided the appeal. However, the motion also contains references to the merits of the appeal. The panel has treated those references as a reply in support of the appeal and

## DISCUSSION

We review a Court of Federal Claims decision dismissing a complaint for lack of jurisdiction *de novo.* *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010). A plaintiff must establish subject-matter jurisdiction by a preponderance of the evidence. *Id.* In conducting the review, we treat the complaint's factual allegations as true and construe them in the light most favorable to the non-moving party. *Inter-Tribal Council of Ariz., Inc. v. United States*, 956 F.3d 1328, 1338 (Fed. Cir. 2020). Although the court affords pro se plaintiffs greater leniency in their pleadings, they still have the burden to establish the court's jurisdiction over their claims. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Steffen v. United States*, 995 F.3d 1377, 1380 (Fed. Cir. 2021).

The Court of Federal Claims' subject-matter jurisdiction is limited to specific types of claims against the federal government, most commonly money claims under the Tucker Act. 28 U.S.C. § 1491(a)(1); *see also Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000). The Court of Federal Claims lacks jurisdiction over claims for money when Congress enacts a "comprehensive remedial scheme" assigning jurisdiction elsewhere. *See Horne v. Dep't of Agric.*, 569 U.S. 513, 527-28 (2013). Specifically, for claims within the jurisdiction of OPM and the Board, the Court of Federal Claims lacks jurisdiction. *Lindahl*, 470 U.S. at 774-75. The Court of Federal Claims also lacks jurisdiction over claims that are outside the statute of limitations, which is six years unless a statute provides otherwise. 28 U.S.C. § 2501; *see John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 137-38 (2008).

---

have taken them into consideration in reaching this decision.

Ogburn does not challenge the Court of Federal Claims' holding that it lacks jurisdiction over her complaint. Instead, her briefs argue the facts on which she bases her claims for back pay and reexamination of her FERS benefits. Appellant's Informal Br. 1-3. Ogburn identifies no error in the Court of Federal Claims' jurisdictional decision, and she does not articulate any basis for its jurisdiction over her claims. Her claims concerning her FERS payments must be brought to the Board, which she did, and those claims are pending review by the full Board. We find no error in the Court of Federal Claims' jurisdictional analysis and conclusion. Accordingly, we affirm its judgement dismissing Ogburn's complaint for lack of subject-matter jurisdiction.

## CONCLUSION

For the reasons set forth above, we affirm the Court of Federal Claims' judgment.

## **AFFIRMED**

### COSTS

No Costs.