NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**MARK PELLEGRINO, AS EXECUTOR OF MARK PELLEGRINO ESTATE,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2026-1215

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-00918-MRS, Judge Molly R. Silfen.

---

Decided:  June 26, 2026

---

MARK PELLEGRINO, Buffalo, NY, pro se.

SAMUEL PATRICK JONES, Civil Division, Tax Litigation Branch, Appellate Section, United States Department of Justice, Washington, DC, for defendant-appellee.

---

Before MOORE, *Chief Judge*, STOLL, *Circuit Judge*, and MOORE, *District Judge*.[1]

PER CURIAM.

Mark Pellegrino appeals an order of the United States Court of Federal Claims dismissing his complaint seeking federal tax refunds on behalf of the "Mark Pellegrino Estate." Appx. 30–36.[2] We *affirm*.

## BACKGROUND

Mr. Pellegrino, identifying himself as the executor of the "Mark Pellegrino Estate," filed suit in the Court of Federal Claims seeking tax refunds from the Internal Revenue Service (IRS). Appx. 31. Mr. Pellegrino alleged the estate filed tax returns for years 2021 through 2023 showing overpayment of at least $10 million. *Id.*; *Pellegrino v. United States*, No. 25-918, Dkt. No. 1, 2–3 (Fed. Cl. filed Oct. 22, 2025) ("Complaint").[3] He further alleged the IRS mishandled the estate's tax returns by failing to process them without issuing a formal notice of disallowance for any year. Complaint at 3. He also alleged his submitted power-of-attorney form confirmed he had authority to represent the estate as executor. *See id.* at 2.

---

[1]    Honorable K. Michael Moore, District Judge, United States District Court for the Southern District of Florida, sitting by designation.

[2]    "Appx." refers to the appendix attached to Appellant's brief. Citations to the appendix refer to the PDF page number of Dkt No. 9.

[3]    Although Mr. Pellegrino's opening brief references alleged refund claims for tax years 2021 through 2024, *see, e.g.*, Appellant's Br. 7, the operative complaint and Court of Federal Claims opinion address claims relating to tax years 2021 through 2023. Appx. 31; Complaint at 2–3.

The government moved to dismiss, arguing Mr. Pellegrino's complaint failed to state a claim upon which relief could be granted under Rule 12(b)(6)[4] and that he could not represent the estate pro se under Rule 83.1. Appx. 30. The Court of Federal Claims granted the motion, finding the complaint pleaded insufficient information to discern whether overpayment occurred. Appx. 33. The court concluded it lacked jurisdiction over Mr. Pellegrino's allegations concerning IRS administrative misconduct and that Rule 83.1 prohibited him, as a non-attorney, from representing the estate in court. Appx. 33–34. Mr. Pellegrino appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo a Court of Federal Claims dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Steffen v. United States*, 995 F.3d 1377, 1379 (Fed. Cir. 2021) (citing *Welty v. United States*, 926 F.3d 1319, 1323 (Fed. Cir. 2019)). Dismissal is appropriate when the claimant's well-pleaded factual allegations, taken as true, do not entitle the claimant to a legal remedy. *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). To survive dismissal, a complaint bringing a refund claim must plausibly allege the claimant paid taxes exceeding the amount lawfully owed. *See Lewis v. Reynolds*, 284 U.S. 281, 283, *modified*, 284 U.S. 599 (1932) ("The action to recover on a claim for refund is . . . an action for money had and received and it is incumbent upon the claimant to show that the United States has money which belongs to him." (internal quotation marks omitted)).

---

[4]    "Rule" refers to the Rules of the United States Court of Federal Claims.

On appeal, Mr. Pellegrino argues the Court of Federal Claims erred in dismissing his complaint because (1) he adequately established authority to represent the estate; (2) he plausibly alleged a refund claim within the court's jurisdiction under the Tucker Act; and (3) the court violated due process by dismissing his complaint without reviewing the evidence. We do not agree.

First, the Court of Federal Claims correctly held Mr. Pellegrino could not represent the estate pro se. Appx. 34. Mr. Pellegrino contends his fiduciary filings, IRS-issued credentials, and power of attorney conferred authority to litigate the refund claim. Appellant's Br. 15–17. But he conceded before the court that he brings the refund claim on behalf of an entity (the estate) rather than himself. Appx. 34. As the court observed, Rule 83.1 precludes non-attorneys from representing an entity before the court. *Id.* (citing Rule 83.1(a)(4)).

Second, the Court of Federal Claims correctly held it lacked jurisdiction over Mr. Pellegrino's allegations of IRS administrative misconduct and that his complaint did not state a plausible refund claim. Mr. Pellegrino argues the court erroneously dismissed his complaint for lack of jurisdiction because the Tucker Act grants the court jurisdiction over refund claims. Appellant's Br. 17–18 (citing 28 U.S.C. § 1491). But the court did not hold that refund claims fall outside its jurisdiction. *See* Appx. 33–34. Rather, it held that to the extent Mr. Pellegrino challenges the IRS's alleged mishandling of returns or processing delays, those allegations are unreviewable because they sound in tort. *Id.* (citing *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008)). On the refund merits, the court held Mr. Pellegrino failed to state a claim because his complaint "provide[d] [no] information about what the estate is, how it earned income, or how it overpaid its taxes." Appx. 33. Mr. Pellegrino does not substantively address the court's reasoning as to either holding on appeal.

Third, the Court of Federal Claims dismissal did not violate due process. Mr. Pellegrino asserts the court did so by failing to review the evidence, including his fiduciary filings, IRS-issued credentials, and power of attorney. Appellant's Br. 18–20. No document identified by Mr. Pellegrino compels a different outcome. *See id.* at 19. Even assuming those documents conferred executor status, they would not cure his complaint's failure to plausibly allege a refund claim or bring his allegations concerning IRS administrative conduct within the court's jurisdiction.

Mr. Pellegrino raises additional arguments on appeal, for example, that (1) the IRS violated 26 U.S.C. § 6402 by failing to release overpayments, Appellant's Br. 20–21; (2) the IRS violated 26 U.S.C. § 6103(e)(6) by obstructing executor access to the estate's tax account, Appellant's Br. 21–22; (3) this court should exercise equitable power to correct the Court of Federal Claims' errors, *id.* at 22–24; and (4) the Department of Justice lacks standing to move for dismissal without proof of authority delegated by the IRS Commissioner, *id.* at 24. Because we see no error in the Court of Federal Claims dismissal, we do not reach these arguments.

## CONCLUSION

We have considered Mr. Pellegrino's remaining arguments and find them unpersuasive. Accordingly, we *affirm*.

## AFFIRMED

### COSTS

No costs.