NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JEFFREY NATHANIEL BOEGLI,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1454

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-01568-RAH, Judge Richard A. Hertling.

---

Decided: November 26, 2024

---

JEFFREY NATHANIEL BOEGLI, New Port Richey, FL, pro se.

PATRICK ANGULO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

---

Before CHEN, BRYSON, and STOLL, *Circuit Judges*.

PER CURIAM.

Plaintiff-Appellant Jeffrey Boegli appeals a decision of the United States Court of Federal Claims ("Claims Court") (1) dismissing his complaint as barred by the statute of limitations in 28 U.S.C. § 2501 and for failure to state a claim under the Tucker Act because his complaint did not invoke a money-mandating statute; (2) denying his request to amend his complaint; and (3) denying his request to transfer his case to district court.   For the following reasons, we affirm.

BACKGROUND

I

Mr. Boegli served his country in the United States Navy from when he enlisted on June 21, 2006, until April 18, 2012, when he was honorably discharged.   He initially enlisted for a six-year term and served as an electrician's mate in the nuclear field.   Because of his position, Mr. Boegli was eligible for a Selective Reenlistment Bonus ("SRB").   In 2010, he reenlisted under the SRB program and received a bonus of $75,000.

In accordance with Office of the Chief of Naval Operations Instruction 1160.8A ("OPNAV INST") in effect at the time, Mr. Boegli received one half of the bonus when he reenlisted, with the remainder to be paid in equal annual installments over the contract period.   He received the lump sum and the first annual installment.

After his reenlistment, Mr. Boegli moved in with another nuclear field sailor, Scott Dunn, who was a long-time friend.   Tragically, Mr. Dunn took his own life with a firearm in Mr. Boegli's presence on July 31, 2011.   In Mr. Boegli's own words, Mr. Dunn's passing "has little-by-

little torn [his] life into pieces." Appx34 (Trial Tr. 21:18–19).[1]

Mr. Boegli sought counseling from the ship chaplain and ship psychologist, who diagnosed him with acute stress disorder. Because Mr. Boegli suffered from nightmares and insomnia, the ship psychologist prescribed him trazodone in October 2011. In light of these developments, the senior medical officer recommended disqualifying Mr. Boegli from the nuclear field. In November 2011, the Navy officially removed his Navy enlisted classification ("NEC") for the nuclear field due to "psycho pharmaceutical medication usage." SAppx5.

Because Mr. Boegli lost his NEC, the Navy "began recouping" the SRB it awarded him when he reenlisted.[2] SAppx5. Pursuant to his December 2011 Leave and Earning Statement, Mr. Boegli owed the Navy an SRB debt of $37,187.50. Throughout the rest of Mr. Boegli's service, the Navy continued to recoup his SRB. Mr. Boegli was "unable to pay his car payment, rent payment, and various

[1] "Appx" refers to the appendix attached to Appellant's Principal Brief, ECF No. 13. "SAppx" refers to the supplemental appendix attached to Appellee's Response Brief, ECF No. 22.

[2] Under these circumstances, and in the absence of any explanation from the Secretary of the Navy, we find it disturbing the Navy has chosen to recoup Mr. Boegli's bonus when he commendably sought medical treatment in response to these devastating circumstances that were outside of his control. This case may be one in which a second look by the Navy is warranted, either to reconsider the decision to recoup Mr. Boegli's bonus in whole or in part, or to cease efforts to recoup the remainder of his bonus.

other debts" because of the amount of his pay being recouped. SAppx6.

He eventually lost his apartment and car, and he defaulted on other debts. Because of the "combined emotional, mental and financial stresses," he turned to opioid use to self-medicate. *Id.* In December 2011, Mr. Boegli turned himself in to the ship psychologist for drug use and was discharged in April 2012. After his discharge, the Navy continued to recoup the SRB by garnishing his tax returns.[3]

## II

In March 2013, Mr. Boegli, with assistance, petitioned the Board for Correction of Naval Records ("BCNR")[4] to end the recoupment of his SRB and to return the amount recouped thus far. In September 2013, the BCNR denied his petition.

Mr. Boegli has suffered from post-traumatic stress disorder ("PTSD") and opioid use disorder ("OUD") since 2011. He was continuously prescribed various medications until February 2022, when he "was removed from all mind-altering medications," enabling him to "think clearly and begin pursuing his rights to correct his military record." SAppx51.

In November 2022, Mr. Boegli submitted a second petition to the BCNR requesting that the SRB recoupment

---

[3]   As of April 2024, Mr. Boegli still owed a debt of approximately $13,000.

[4]   Mr. Boegli's complaint uses BCNR, NBCNR, and NBCMR (Naval Board for Correction of Military Records) interchangeably and we understand the terms to refer to the same board. SAppx1. Because both parties use the abbreviation BCNR in their briefing before this court, we do the same.

stop and the recouped funds be returned to him.  The BCNR recommended granting him relief because it found "the existence of an injustice warranting . . . corrective action." SAppx10.  The BCNR explained Mr. Boegli's "loss of NEC was due to the use of prescribed medication to treat a condition which was not due to misconduct or willful neglect, therefore, [he] should not be subject to recoupment." Appx12.

The BCNR recommended that Mr. Boegli's record be corrected to reflect that his classification removal did not result from misconduct or willful neglect, and therefore recoupment of bonus payments he had already received was "not required." *Id.*  The BCNR directed the Defense Finance and Accounting Service to audit Mr. Boegli's records to determine if he was due any back pay.  The BCNR forwarded its recommendation to the Secretary of the Navy for his approval of the decision, who denied relief and rejected the BCNR's recommendation without explanation.

III

Following the Secretary's denial, Mr. Boegli filed suit in the Claims Court, alleging that the Secretary violated the Administrative Procedure Act ("APA") by failing to provide an adequate explanation for his decision to deny the relief sought and that this failure rendered the decision arbitrary and capricious.  He asked the Claims Court to direct the Navy to correct his record per the BCNR recommendation and declare that he is entitled to receive back the money improperly recouped.  The Government moved to dismiss for lack of jurisdiction, arguing the six-year statute of limitations barred the claim and, alternatively, that the complaint failed to invoke a money-mandating statute for jurisdiction under the Tucker Act.  The Claims Court scheduled oral argument and ordered the parties to be prepared to discuss, *inter alia,*

Mr. Boegli's "argument that the statute of limitations should be tolled to preserve his claim." SAppx26.

At oral argument, "Mr. Boegli argue[d] that he is entitled to take advantage of the exception for legal disability found in the statute [of limitations, 28 U.S.C. § 2501]." Appx51 (Trial Tr. 38:18–20). Following oral argument, the Claims Court ruled from the bench:

> [Mr. Boegli] has failed to show that he suffered a legal disability that prevented him from pursuing relief before the Naval Correction Board and in this Court . . . .
>
> Even assuming that [Mr. Boegli] suffered a legal disability at the time of his discharge . . . that disability . . . had passed by March 2013, when [he] was able to file his first petition before the Naval Correction Board. Therefore, the six-year statute of limitations set by [28 U.S.C. § 2501] was at least, on the facts presented, from March 2013 not subject to being tolled. As a result, . . . the statute of limitations expired, at the latest, in March 2019, and . . . this suit [filed] in August 2023 . . . is, therefore, untimely under the Tucker Act.

Appx55 (Trial Tr. 42:2–19). Accordingly, the court "ha[d] no choice but to . . . dismiss the claim under the Tucker Act." Appx58 (Trial Tr. 45:20–21). The court then considered whether Mr. Boegli's complaint invoked "a money-mandating source of law" for jurisdiction under the Tucker Act. Appx59 (Trial Tr. 46:24). The Claims Court explained that neither the APA nor the statute authorizing SRB are money-mandating within the meaning of the Tucker Act because "it is well settled that the APA is not a money-mandating statute," *id.* (Trial Tr. 46:8–9), and Mr. Boegli did not rebut the presumption that the SRB statute (37 U.S.C. § 308) is not money-mandating. Appx60–62.

Mr. Boegli sought leave "to amend [his] complaint to provide additional information of [his] disability" or, in the alternative, to transfer his complaint to a district court. Appx35 (Trial Tr. 22:3–4). The Claims Court denied the request to amend as "fruitless and unavailing," Appx65 (Trial Tr. 52:4), because his claim was barred under the statute of limitations, and the court denied the request to transfer because the "claim is framed in the context of a claim for money damages and so [transfer] would be inappropriate. If [the Claims Court] sent it to the District Court, it would be dismissed for lack of jurisdiction." Appx70–71 (Trial Tr. 58:1–5).

Mr. Boegli appeals from the dismissal of his claim. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court's dismissal for lack of subject matter jurisdiction de novo. *Ravi v. United States*, 104 F.4th 1359, 1363 (Fed. Cir. 2024). We review its factual findings for clear error. *Bass Enters. Prod. Co. v. United States*, 381 F.3d 1360, 1365 (Fed. Cir. 2004). We accept the facts alleged in a complaint as true when reviewing the propriety of a dismissal. *San Carlos Apache Tribe v. United States*, 639 F.3d 1346, 1349–50 (Fed. Cir. 2011).

On appeal Mr. Boegli argues: (1) the Claims Court erred in determining his action was barred by the statute of limitations because he was subject to legal disability when his claim accrued; (2) his complaint invokes a money-mandating source of law; (3) the Claims Court erred in failing to allow him an opportunity to amend his complaint; (4) the court abused its discretion when it declined to transfer his claim to district court; and (5) the court failed to fulfill the requirements of Rule 52.1(a) of the Rules of the Court of Federal Claims. We take each issue in turn.

I

"Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. "This six-year limitations period is jurisdictional and may not be waived or tolled." *FloorPro, Inc. v. United States*, 680 F.3d 1377, 1380–81 (Fed. Cir. 2012). But § 2501 also provides that a "petition on the claim of a person under legal disability . . . at the time the claim accrues may be filed within three years after the disability ceases." 28 U.S.C. § 2501.

We have "long held that the plaintiff's cause of action for back pay accrues at the time of the plaintiff's discharge" and "is not a 'continuing claim' that accrues each time a payment would be due." *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc). Because Mr. Boegli's claim is for funds improperly being withheld, i.e., back pay, he had "the right to sue immediately upon discharge." *Id.*

Although Mr. Boegli had the right to sue immediately upon his discharge on April 18, 2012, he did not bring suit in the Claims Court until September 11, 2023. **[SAppx3, 14]**. Therefore, applying § 2501 to this case, the statute of limitations bars his claim unless he was under a legal disability until at least September 11, 2020, three years before filing suit. We agree with the Claims Court's determination that Mr. Boegli failed to provide evidence to meet his burden to establish legal disability for this entire time frame.

"The law presumes sanity and competency . . . . The burden of proving mental incapacity is on the claimant in order to qualify as suffering from a legal disability within the intendment of 28 U.S.C. § 2501." *Goewey v. United States*, 612 F.2d 539, 544 (Ct. Cl. 1979) (per curiam). Legal disability under § 2501 requires mental impairment

"precluding a person from comprehending rights which he would be otherwise bound to understand." *Id.* at 545.

Mr. Boegli raises three arguments on appeal related to legal disability: (1) that Congress's intent in adopting § 2501 was to broaden the meaning of legal disability;[5] (2) that co-occurring PTSD and OUD qualifies as a legal disability; and (3) that the Claims Court erred in its legal disability determination because Mr. Boegli has suffered from PTSD and OUD since 2011.

Regarding his first argument, Mr. Boegli contends that the 1946 predecessor of § 2501 used the language "idiots, lunatics, [and] insane persons" and the amendment supports that "Congress made a conscience [*sic*] change" to move from a specific classification to "more general language in order to be more inclusive of any disability that impacts a litigant's ability to bring a timely suit." Appellant's Br. 10–11.   Mr. Boegli is correct that the language governing legal disability changed, and the language is inclusive of any disability that impacts a litigant's ability to bring suit, but legal disability still requires a disability to be severe enough that a person fails to comprehend their rights on a continuing basis. *Goewey*, 612 F.2d at 543–44 (explaining the changes were "intended to consolidate by substitution the prior archaic

---

[5] Although this issue was not raised below, given Mr. Boegli is proceeding pro se, we use our discretion to consider this argument. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 487 (2008) (explaining that the decision to deviate from the general rule that an appellate court does not consider issues not raised before the trial court is "left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases" (citation omitted)).

terminology" and "were not designed to change existing law").

We turn now to Mr. Boegli's second and third arguments regarding legal disability. Mr. Boegli argues that research supports that "PTSD, OUD, and use of prescribed medication to treat these disabilities, depending on the individual, can affect an individual litigant's ability to bring a timely suit." Appellant's Br. 14. He argues that, because he has suffered from PTSD and OUD and has been "continuously prescribed various mind-altering substances . . . inhibit[ing] his mental capacity and ability to pursue his claims" since his friend's tragic death in 2011, he had a legal disability, and the statute of limitations should be tolled under § 2501. Appellant's Br. 15.

"[T]he Government does not dispute that co-occurring PTSD and OUD could, in some circumstances, qualify as a legal disability," but it argues that "Mr. Boegli has not put forth any argument or evidence . . . showing that he was incapable of understanding his legal rights or responsibilities from the period of his discharge until three years before filing his complaint." Appellee's Br. 13. The undisputed fact central to this case is that Mr. Boegli, with assistance, petitioned the BCNR in 2013, attempting to remedy the recoupment of his bonus. Our precedent makes clear that a person comprehends their rights when they are able to take steps to vindicate their rights. *See e.g.*, *Goewey,* 612 F.2d at 545. More specifically, one of our predecessor courts has held that a claimant's "active involvement . . . in efforts to secure" Veterans Affairs ("VA") benefits can help show that he is "able to understand [legal] complexities and [is] . . . not adverse to protecting his interests to the utmost." *Id.* We see no error in the Claims Court's finding that "[e]ven if [Mr. Boegli] did not know exactly why the reenlistment bonus was being recouped, he knew at the time that his reenlistment bonus was subject to recoupment and indeed he challenged that recoupment." Appx58 (Trial Tr. 45:11–14).

Because the record shows that Mr. Boegli was able to comprehend his legal rights in 2013 but did not file suit until 2023, we hold that the Claims Court correctly dismissed his claim for back pay as time-barred. In addition, because we affirm the Claims Court's determination that the statute of limitations bars his suit, we need not reach the issue of whether Mr. Boegli invoked a money-mandating statute.

## II

As to Mr. Boegli's argument that the Claims Court erred because it denied his request to amend his complaint, we review the Claims Court's decision for an abuse of discretion. *See Steffen v. United States*, 995 F.3d 1377, 1379 (Fed. Cir. 2021). The Claims Court determined that allowing Mr. Boegli to amend his complaint "would be fruitless and unavailing because of the statute of limitations and what actually occurred on the record with the 2013 claim before the [BCNR]." Appx65 (Trial Tr. 52:4–6). Mr. Boegli argues the Claims Court erred because it denied his request without knowing what evidence he would have pled regarding his alleged legal disability. Appellant's Br. 20. Although we are sympathetic to Mr. Boegli's argument, we cannot say the Claims Court abused its discretion because it is not unreasonable for the trial court to deny amendment where the statute of limitations on a claim bars relief. *See, e.g.*, *Newby v. Enron Corp.*, 542 F.3d 463, 469 (5th Cir. 2008) ("[A] court need not grant leave to amend when the filing would be futile because the proposed claims are time-barred."); *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 118–19 (1st Cir. 2009) (district court did not abuse its discretion in not allowing amendment "because said amendment would be futile since the claim would be time barred").

## III

Mr. Boegli alternatively sought to transfer his case to district court based on his APA claim—contending that the

Secretary of the Navy violated the APA by failing to "justify a decision to overturn a recommendation" of the BCNR—and now on appeal objects to the Claims Court's denial of his request to transfer. SAppx11. We review the Claims Court's decision on a motion to transfer the case for an abuse of discretion. *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1342 (Fed. Cir. 2008). The Claims Court denied Mr. Boegli's request because his complaint principally seeks monetary relief, and the district court lacks jurisdiction to provide such a remedy.

As the Claims Court correctly noted, Mr. Boegli's "claim is framed in the context of a claim for money damages." Appx71 (Trial Tr. 58:1–2). The APA provides for judicial review of a final agency action only where there is "is no other adequate remedy." 5 U.S.C. § 704. And because Mr. Boegli seeks monetary relief, he had another adequate remedy[6] in the form of his Tucker Act claim: the Claims Court had power to grant all the relief he requested "because his complaint sought money and relief ancillary to the request for money." *Martinez*, 333 F.3d at 1320. Where "the Court of Federal Claims could have granted all the relief requested in the complaint if the complaint had been timely filed," a district court lacks APA jurisdiction over those claims because there is another adequate remedy. *Id.* Therefore, Mr. Boegli's "money-based complaint could not have been brought in the district court in the first instance." *Id.* The Claims Court did not abuse its discretion by declining to transfer his case.

---

[6] The expiration of the statute of limitations does not undercut the fact that there was an adequate remedy. *Martinez*, 333 F.3d at 1320 ("The fact that the complaint was untimely filed in the Court of Federal Claims does not mean that court could not offer a full and adequate remedy; it merely means that [the claimant] did not file his complaint in time to take advantage of that remedy.").

BOEGLI v. US                                                  13

## IV

Lastly, Mr. Boegli asserts that the Claims Court erred when it denied his motion for an order directing the Government to produce the administrative record, as required by Rule 52.1 of the Rules of the Court of Federal Claims. We see no such error. Jurisdiction is a threshold matter and "[w]ithout jurisdiction the court cannot proceed at all." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). Where the court determines jurisdiction is lacking, "the only function remaining to the court is that of announcing the [lack of jurisdiction] and dismissing the cause." *Id.* Because the Claims Court properly determined it lacked jurisdiction, it did not abuse its discretion when it denied Mr. Boegli's motion.

## CONCLUSION

We have considered Mr. Boegli's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

## **AFFIRMED**

### COSTS

No costs.