NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID HOROWITZ, TRUSTEE OF TARA LINDSEY LASHAM, AN EXPRESS TRUST, COLLEEN LASHAM, TRUSTEE OF TARA LINDSEY LASHAM, AN EXPRESS TRUST,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-1111

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01087-MHS, Chief Judge Matthew H. Solomson.

---

Decided: May 6, 2026

---

DAVID HOROWITZ, Sacramento, CA, pro se.

COLLEEN LASHAM, Sacramento, CA, pro se.

NELSON KUAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by

DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY, BRETT SHUMATE.

————————————

Before TARANTO, SCHALL, and CHEN, *Circuit Judges*.

PER CURIAM.

Pro se appellants David Horowitz and Colleen Lasham assert that they are trustees of a foreign situs express trust (the Trust) that names Tara Lindsey Lasham as both the beneficiary and grantor. In 2024, appellants filed a complaint in the United States Court of Federal Claims (Claims Court) alleging that the United States and the State of Hawaii, also acting as trustees, breached certain fiduciary duties and failed to fulfill obligations in the administration of the Trust. *See generally Horowitz v. United States*, No. 24-1087C, 2024 WL 4360010 (Fed. Cl. Oct. 1, 2024) (*Decision*). Appellants sought declaratory relief and an order recognizing them as the Trust's "rightful representatives." *See Decision*, at *1. The Claims Court dismissed the complaint for lack of subject-matter jurisdiction, prompting the present appeal. *Id.*, at *2. We affirm the Claims Court's dismissal.

I

Appellants filed their complaint in the Claims Court against the State of Hawaii and the United States in July 2024. Appx. 13–19.[1] They alleged that Hawaii and the United States, acting through numerous state and federal officials, served as "public trustees" of the Trust but breached Trust-imposed duties regarding unspecified Trust property. Appx. 14, 17–18. Appellants sought equitable relief, requesting that the Claims Court (1) recognize them as trustees of the Trust and (2) order Hawaii and the

————————————

[1]    "Appx." refers to the appendix submitted with appellants' opening brief.

United States to "provide a full accounting and transfer all rights, titles and interests" in the Trust to them. Appx. 16.

The Claims Court sua sponte stayed the case while it reviewed the complaint for probable lack of jurisdiction. *See Decision*, at \*1. Appellants filed a motion for reconsideration of the stay, arguing that the court's suggestion of no jurisdiction was "predicated on a probable misclassification of the [appellants'] claims." Appx. 111–12. Appellants did not seek leave to amend their complaint. *See* Appx. 11.

In October 2024, the Claims Court, besides denying the motion for reconsideration, dismissed Appellants' complaint for lack of subject-matter jurisdiction pursuant to Rule of the Court of Federal Claims (RCFC) 12(h)(3). *Decision*, at \*2. The Claims Court stated that it lacked jurisdiction to decide claims against individuals (whether in their official or personal capacity) or against state and local governments (including their employees). *Id.* The court added that appellants also failed to identify a substantive, money-mandating basis for relief, which is needed for Tucker Act jurisdiction and must be found outside the Tucker Act itself. *Id.*; *see* 28 U.S.C. § 1491(a)(1). For those reasons, the Claims Court dismissed the complaint for lack of jurisdiction. *See Decision*, at \*2.

Appellants timely appealed. We have jurisdiction to hear the appeal under 28 U.S.C. § 1295(a)(3).

## II

We decide de novo whether the Claims Court has subject-matter jurisdiction in this case, as the challenge to jurisdiction does not depend on disputing the plausible facts asserted in the complaint. *See 112 Genesee Street, LLC v. United States*, 166 F.4th 1017, 1021 (Fed. Cir. 2026). To the extent that appellants argue that the Claims Court implicitly denied them leave to amend the complaint, we review the Claims Court's decision for an abuse of discretion.

*See Steffen v. United States*, 995 F.3d 1377, 1379 (Fed. Cir. 2021).

The Tucker Act grants the Claims Court subject-matter jurisdiction for claims brought "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Through the Tucker Act, the United States waives its sovereign immunity for covered damages actions. *See Maine Community Health Options v. United States*, 590 U.S. 296, 322 (2020). Claims for equitable relief do not fall within the Claims Court's limited Tucker Act jurisdiction relevant here. *See Boaz Housing Authority v. United States*, 994 F.3d 1359, 1366–68 (Fed. Cir. 2021).

The Tucker Act itself does not create "substantive rights." *Maine Community Health*, 590 U.S. at 322 (internal citation omitted). Plaintiffs seeking to invoke the jurisdiction under the Tucker Act must ground their claims in "other sources of law" such as "statutes or contracts" that create a right to money damages for the wrong alleged. *See id.* (quoting *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009)). A source of law assertedly making the challenged conduct wrongful "falls within the Tucker Act's sovereign immunity waiver if it is money-mandating—*i.e.*, if it can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *112 Genesee Street*, 166 F.4th at 1022 (quoting *Maine Community Health*, 590 U.S. at 322 (cleaned up)). An independent source of a substantive right to money damages, such as a statute establishing a trust relationship between individuals and the government, may "establish[ ] specific fiduciary or other duties" and may "fairly be interpreted as mandating compensation for damages sustained as a result of a breach of the duties [the governing law] impose[s]." *United States v. Navajo Nation*, 537 U.S. 488, 506 (2003) (internal

citation and quotation marks omitted, second and third alterations in original).

The Claims Court, like a district court, can independently take notice of the absence of subject-matter jurisdiction at any time. *See* RCFC 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006) (discussing Federal Rule of Civil Procedure 12(h)(3), which is materially identical to the Claims Court rule). In deciding whether the court has subject-matter jurisdiction, the court "accepts as true all uncontroverted factual allegations in the complaint . . . and construes them in the light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). Although the Claims Court may read the allegations of pro se pleadings more liberally than formal pleadings by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), pro se plaintiffs are not held to less stringent standards when it comes to meeting jurisdictional requirements like those at issue here, *see Kelley v. Secretary, United States Department of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Pro se plaintiffs still bear the burden to plead an adequate basis for subject-matter jurisdiction. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [a party] acted *pro se* in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures," *e.g.*, the failure to establish subject-matter jurisdiction). The Supreme Court's decision in *Haines* did not involve a jurisdictional issue.

Appellants' allegations, based on their assertion of a trust of which the United States is a trustee, are insufficient to support Tucker Act jurisdiction. First, appellants have continuously expressed, including in their briefing on appeal, that they are seeking only equitable relief, which falls outside of the Claims Court's limited jurisdiction. *See* Appellants' Opening Br. at 5, 6, 7, 9; Appellants' Reply Br. at 5, 6, 7; Appx. 112 (motion for reconsideration, stating that appellants are seeking "equitable relief"). But, as already noted, the Tucker Act does not provide a grant of

jurisdiction to issue the equitable relief requested by appellants here.

Second, as also previously noted, the Tucker Act does not confer substantive rights enforceable against the United States; such rights must be found in some other source of law that mandates monetary payment for the conduct at issue in the case. *See, e.g.*, *Maine Community Health*, 590 U.S. at 322; *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983). But in claiming that the government owes duties to the Trust, appellants simply have not pointed to any source of law "establish[ing a] fiduciary relationship" or "defin[ing] the contours of the [Government's] fiduciary responsibilities." *Inter-Tribal Council of Arizona, Inc. v. United States*, 956 F.3d 1328, 1338 (Fed. Cir. 2020) (third alteration in original) (quoting *Shoshone Indian Tribe of Wind River Reservation, Wyoming v. United States*, 672 F.3d 1021, 1039–40 (Fed. Cir. 2012)). Although, as the cited cases indicate, a federally established trust can sometimes support a Tucker Act claim for damages, *i.e.*, where an identified source of law outside the Tucker Act meets the money-mandating standards for the particular trust, appellants have not pleaded or in briefing pointed to any such source of law for the trust they allege in this case.[2]

Appellants argue that the Claims Court improperly denied them leave to amend their complaint to cure any

---

[2]    To the extent that the complaint could be read as asserting claims against certain federal officials, the State of Hawaii, or certain state or local officials (*e.g.*, by alleging that they are "trustees" of the Trust), the Claims Court correctly dismissed those claims, *Decision*, at *2, based on the established principle that the Tucker Act does not cover claims against persons other than the United States. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941).

jurisdictional deficiencies. Appellants' Opening Br. at 6. But even putting aside the fact that appellants did not actually request leave to amend, we see no merit in this challenge. Appellants have furnished no basis for identifying how any amendment would cure the jurisdictional deficiencies in their complaint.

Because appellants have not made any allegations that suffice to support the Claims Court's jurisdiction, and their briefs do not suggest that any amendment would cure that deficiency, we will not disturb the Claims Court's dismissal of their case.

### III

We have considered appellants' remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Claims Court's dismissal for lack of subject-matter jurisdiction.

The parties shall bear their own costs.

**AFFIRMED**